**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose S. MADRIGAL,
Defendant-Appellant.**

No. 75–1219.

United States Court of Appeals,
Seventh Circuit.

Argued June 9, 1975.

Decided June 19, 1975.

---

Sam F. Adam, Arnette R. Hubbard, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Gary L. Starkman and Marianne Jackson, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before CLARK, Associate Justice,* BAUER, Circuit Judge, and GRANT, Senior District Judge.**

PER CURIAM.

Appellant and four others were indicted on one conspiracy and three substantive counts with respect to violations of the narcotic laws, 21 U.S.C. §§ 841(a)(1) and 846. On December 11, 1964, he withdrew his pleas of not guilty and entered one of guilty to counts One and Four. Subsequently he was sentenced to concurrent six year terms as to each count (one and four) together with the mandatory three year special parole term. He now claims that the trial judge did not comply with the requirements of Rule 11, F.R.Crim.P. in that he accepted his plea without first sufficiently "addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

The details with which the trial judge must address the defendant under Rule 11 before first accepting his plea of guilty is set out in a long list of cases which we need not repeat here. The appellant contends that Rule 11 requires the trial judge to have the defendant state in his own words the elements of the offenses charged, the facts underlying his participation in those offenses and the possible consequences of his plea. However wise such a rule might be and the extent to which it might obviate the consideration of frivolous appeals we find no case that requires it and the language of the rule itself embodies no such obligation. Here the judge with meticulous care addressed the appellant personally and after explaining the nature of the offenses charged determined that the appellant did in fact possess a quantity of heroin at the time charged in the indictment and that he intended to distribute the same; that he had conspired with the other named defendants in the indictment to possess the heroin with the intent to distribute it. The trial judge further inquired as to any promises or representations being made to induce appellant to plead guilty and was assured not only by the appellant himself but by his own counsel and the prosecutor that none were made; and thereafter appellant acknowledged that no decision had been made as to what term his sentence might be. Finally, the sentences that might be imposed on the appellant were fully explained, including the mandatory three year parole provision; and the court ascertained that appellant knew he had a right to either a

---

* Associate Justice Tom C. Clark (Retired) of the Supreme Court of the United States is sitting by designation.

** Senior District Judge Robert A. Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

bench or jury trial and that appellant was not then under the influence of any drugs. Our careful examination of the record leads to the definite conclusion that appellant voluntarily entered the pleas of guilty with the complete understanding not only of the nature of the charges but the consequences of the same.

Affirmed.