**Allan D. WHITSON, Plaintiff and Appellant,**

v.

**DEPARTMENT OF PUBLIC SAFETY, State of South Dakota, Defendant and Appellee.**

No. 14108.

Supreme Court of South Dakota.

Considered on Briefs Oct. 28, 1983.

Decided April 4, 1984.

Rehearing Denied May 10, 1984.

Russell Street and Main Street in Sioux Falls, South Dakota. Russell Street, eastbound, has two lanes. As Russell approaches Main Street, two signs warn motorists in the right eastbound lane that they must turn right at Main Street. After the intersection with Main, Russell Street curves to the left. The left eastbound lane becomes the only eastbound lane after the Main Street intersection.

At approximately 1:30 a.m., on May 2, 1982, a Sioux Falls police officer was traveling in the left eastbound lane of Russell Street. Another vehicle ahead of the officer was in the same lane. Appellant was in the right-hand lane, slightly ahead of the officer. Appellant went through the intersection at Main Street without turning right. The officer and the other driver were forced to slow down to avoid a collision with appellant as he moved ahead of them into the left-hand lane.

When the officer stopped appellant he noticed appellant's slurred speech, bloodshot eyes, and the strong odor of intoxicants. After appellant failed to successfully perform some sobriety tests, he was arrested for driving while under the influence of alcohol. Because appellant refused to submit to a chemical test of his breath, his driver's license was revoked by the Department of Public Safety.

Since there is no factual basis to support appellant's argument that this was a random stop, his argument that the stop was unlawful for that reason is without merit. *See Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979).

John E. Burke, Sioux Falls, for plaintiff and appellant.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for defendant and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

PER CURIAM.

Appellant appeals from a judgment revoking his driver's license for one year. Appellant's sole contention is, in his words, that there was no "legal cause" to stop him.

The incident that led to appellant's stop and arrest occurred near the intersection of

▆ The standard of "probable cause" would be applied if appellant was challenging his warrantless arrest. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Soft*, 329 N.W.2d 128 (S.D.1983); SDCL 23A-3-2. The only question appellant presents to us, however, is whether the federal constitutional standard that applies to investigatory stops was met.* The trial court found that ap-

---

* Our disposition of this appeal makes it unneces-

sary for us to decide how the revocation pro-

pellant failed to obey the traffic signs that required him to turn right at Main Street from his lane of travel on Russell Street. At 1:30 a.m. he nearly caused an accident when he carelessly cut in front of the other vehicles as they approached the intersection. These circumstances clearly gave rise to a "specific and articulable suspicion of a [traffic] violation," which is the standard that must be met before a stop is justified by the U.S. Constitution, amend. IV. *State v. Anderson*, 331 N.W.2d 568, 570 (S.D.1983), quoting *Marben v. State*,

*Dep't of Pub. Safety*, 294 N.W.2d 697, 699 (Minn.1980); *see also Terry v. Ohio, supra; U.S. v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *Ebona v. State*, 577 P.2d 698 (Alaska 1978).

The judgment is affirmed.

---

ceedings are affected if an officer unlawfully stops the operator of a motor vehicle, arrests him, and the driver refuses to submit to a chem-

ical test that otherwise is requested pursuant to the provisions of SDCL 32–23–10. *See In re Mehrer*, 273 N.W.2d 194 (S.D.1979).