**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Daniel GROOMS, Defendant and Appellant.**

**No. 14504.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 22, 1984.

Decided Dec. 26, 1984.

· Grant E. Gormley, Chief Deputy Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

John C. Wiles of Osheim, Fox, Bartron & Wiles, Watertown, for defendant and appellant.

WUEST, Acting Justice.

This is an appeal from a judgment of conviction and sentence finding appellant an habitual offender in violation of SDCL 22–7–7, and enhancing his sentence for grand theft, pursuant to SDCL 22–30A–1, 22–30A–17(1), and 23–9–13.1. We affirm.

Appellant's case has come before this court on two previous occasions and the facts are set out therein. In *Grooms v. State*, 320 N.W.2d 149 (S.D.1982), appellant sought post-conviction relief for his conviction and sentence of fifteen years in the South Dakota State Penitentiary for the theft of a horse trailer in Mandan, North Dakota. We reversed appellant's conviction in that decision and remanded for a new trial. The case was re-tried before a jury and he was again found guilty of grand theft. Pursuant to SDCL 22–7–8, the circuit court found he was an habitual offender and sentenced him to thirty years in the penitentiary.

Appellant appealed that conviction and sentence, and this court in *State v. Grooms*, 339 N.W.2d 318 (S.D.1983), remanded for further habitual offender proceedings. On remand, following a jury verdict finding appellant to be one and the same person, the trial court again found appellant to be an habitual offender and sentenced him to fifteen years in the state penitentiary.

Appellant now contends that the trial court erred in admitting Exhibits 1A through 1G, namely, a packet of information about appellant certified by the warden of the Nebraska Penal Institution and the Nebraska Secretary of State. Appellant argues that these exhibits should not have been admitted because: (1) he was not allowed to confront the witnesses against him; (2) Exhibits 1B, 1C, and 1D were not the best evidence; (3) SDCL 19–16–10 was violated; and (4) jury instruction nine was violated.

The certified packet of information labeled Exhibits 1A through 1G consists of official records from the State of Nebraska and includes, inter alia, photographs of appellant from the Nebraska State Penitentiary, his fingerprints, a Nebraska State Patrol report, and documents committing him to the Nebraska Penal Institution. Appellant contends that the circuit court's admission of this packet violated his Sixth Amendment right to confront witnesses against him inasmuch as the certifying officials, i.e., the Nebraska Warden and the Nebraska Secretary of State, were not present to testify at the habitual offender proceeding.

Pursuant to the official records exception to the rule against hearsay, as incorporated in several of our evidentiary statutes including SDCL 23A–22–10, 15–6–44(a), and 22–7–11,[1] such records, when certified, may be admitted without testimony from the certifying custodian. Appellant's contention requires an examination of this exception and a determination of the reliability of such hearsay evidence in a Confrontation Clause analysis.

The Sixth Amendment to the United States Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. A similar right is set out in South Dakota's Constitution at Article VI, section 7, which states that "[i]n all criminal prosecutions the accused shall have the right ... to meet the witnesses against him face to face ...." Taken literally, such language would require the exclusion of any statement made by a declarant not present at trial and would abrogate virtually every exception to the hearsay rule. This result, however, has long been rejected as unintended and too extreme. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

The United States Supreme Court has emphasized that the Confrontation Clause reflects a preference for face-to-face confrontation, and that the right of cross-examination is a primary interest secured by the provision. *Id.* The Court, however, has also recognized that competing interests, if closely examined, may warrant dispensing with confrontation at trial. *Id.; Chambers v. Mississippi*, 410 U.S. 284, 93

S.Ct. 1038, 35 L.Ed.2d 297 (1973). Ultimately, "the mission of the Confrontation Clause is to advance a practical concern for the accuracy of the truth-determining process in criminal trials by assuring that 'the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement.' " *Dutton v. Evans*, 400 U.S. 74, 89, 91 S.Ct. 210, 220, 27 L.Ed.2d 213, 227 (1970), citing *California v. Green*, 399 U.S. 149, 161, 90 S.Ct. 1930, 1936, 26 L.Ed.2d 489, 499 (1970). The Court's focus and concern has been to insure that there are "indicia of reliability" determinative of whether a statement may be placed before a jury though there is no confrontation of the declarant. *Dutton, supra.*

Although complete congruity does not exist between the hearsay rules and the Confrontation Clause, *California v. Green, supra*, "certain hearsay exceptions rest upon such solid foundations that admission of virtually any evidence within them comports with the 'substance of [this] constitutional protection.' ... This reflects the truism that 'hearsay rules and the Confrontation Clause are generally designed to protect similar values ....' " *Roberts*, 448 U.S. at 66, 100 S.Ct. at 2539, 65 L.Ed.2d at 608, citing *Green, supra; Mattox v. United States*, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895).

The instant issue deals with the trial court's admission of hearsay evidence under the official records exception, a well-recognized exception to the rule against hearsay. The trustworthiness and reliability of official records "is found in the declarant's official duty and the high proba-

---

1. SDCL 23A–22–10 provides:
 An official record or any entry therein or the lack of such a record may be proved in the same manner as in civil actions.
 SDCL 15–6–44(a) provides:
 ... An official record kept within the United States, or any state ... when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody. The certificate may be made by a judge of a court of record of the district or

political subdivision in which the record is kept, authenticated by the seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of office.
SDCL 22–7–11 provides, in pertinent part:
... An official record under seal or a criminal history together with fingerprints certified by the public official having custody thereof will be sufficient to be admitted in evidence without further foundation to prove the allegation that the defendant is an habitual criminal.

bility that the duty to make an accurate report has been performed." E. Cleary, McCormick on Evidence § 315 (2d ed. 1972). A cogent and persuasive rationale for this proposition is stated in 5 J. Wigmore, Evidence, § 1632:

> When it is part of the *duty of a public officer* to make a statement as to a fact coming within his official cognizance, the great probability is that he does his duty and makes an accurate statement.... The fundamental circumstance is that an official duty exists to make an accurate statement, and that this special and weighty duty will usually suffice as a motive to incite the officer to its fulfillment. The duty may or may not be one for whose violation a penalty is expressly prescribed. The officer may or may not be one for whom in advance an express oath of office is required. No stress seems to be laid judicially on either of these considerations; nor need they be emphasized. It is the influence of the official duty, broadly considered, which is taken as the sufficient element of trustworthiness, justifying the acceptance of the hearsay statement.

■ The Confrontation Clause normally requires that a hearsay declarant is proven to be unavailable for cross-examination, but in cases where hearsay evidence falls within firmly rooted exceptions, reliability can be inferred without more. *Roberts, supra.* Moreover, the policy behind the Confrontation Clause must yield to the public's interest in effective law enforcement, the probative necessities of particular cases and other policy considerations. *Id.; Green, supra.*

■ Extreme impracticality and disruption of the administrative process are the general policies behind the rule that a showing of unavailability is not required under the official records exception to the rule against hearsay. As to this, it is stated in *McCormick*, at § 315, that:

> A special need for this category of hearsay is found in the inconvenience of requiring public officials to appear in court and testify concerning the subject matter

of their statements. Not only would this disrupt the administration of public affairs, but it almost certainly would create a class of official witnesses. Moreover, given the volume of business in public officers, the official written statement will usually be more reliable than the official's present memory. For these same reasons, there is no requirement that the declarant be shown to be unavailable as a witness.

■ We believe the contents of the packet of information in question (Exhibits 1A–1G), concerning appellant's conviction and incarceration in Nebraska, bear the hallmarks of trustworthiness and reliability. The public officials who prepared these documents had a duty to be truthful, complete, and accurate, and they certified the accuracy of these records while in their official possession and custody. Furthermore, under the circumstances of the case, practical exigencies favor admission of the records without a showing that the certifying officials were unavailable. Because there are in fact, adequate practical guarantees of trustworthiness, the admission of Exhibits 1A through 1G under this hearsay exception does not violate appellant's right of confrontation or cross-examination.

Secondly, appellant argues that Exhibits 1B, 1C and 1D, which include two photographs of appellant and a copy of appellant's fingerprints, are not supported by any foundation and are therefore not the best evidence available to identify him as one and the same person. With regard to the admission of official records, in the context of an habitual offender proceeding however, SDCL 22–7–11 provides in pertinent part that "[a]n official record under seal or a criminal history together with fingerprints certified by the public official having custody thereof will be sufficient to be admitted in evidence *without further foundation* to prove the allegation that the defendant is an habitual criminal." (emphasis added)

■ In *State v. Garritsen*, 302 N.W.2d 409, 410–411 (S.D.1981), we stated that

"SDCL 22–7–11 merely provides the State with one method of establishing a prima facie case in a habitual criminal trial." Here, the evidence contained in Exhibits 1A through 1G, coupled with the fact that appellant was present in court enabling the jury to compare his appearance with the photographs and person described in these records, was indeed sufficient to sustain the jury's verdict that appellant is one and the same person.

Appellant's third contention is that Exhibit 1A, i.e., the certificate from the Nebraska Warden and the Nebraska Secretary of State, violated SDCL 19–16–10 because it was not supported by the testimony of "the custodian or other qualified witness" as required by this statute. Inasmuch as this certificate is governed by SDCL 23A–22–10, 15–6–44(a), and 22–7–11, which do not require the testimony of the certifying official, we find this argument to be without merit.

Finally, appellant contends that jury instruction nine was violated. Appellant, however, fails to cite any case law, nor provide any analysis or explanation. We, therefore, find this claim to be without merit.

All the Justices concur.