**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Allen H. KISSNER, Defendant and Appellee.**

**No. 14863.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1985.

Decided July 9, 1986.

Rehearing Denied July 12, 1986.

MORGAN, Justice.

In this DWI case, the state appeals from an order of the trial court suppressing all evidence and observations of the arresting officer and dismissing all charges filed against the defendant, Allen H. Kissner. We reverse.

On August 31, 1984, the dispatcher for the Pierre, South Dakota, police department received a call from a private citizen who reported that the driver of a Chevrolet stationwagon with Arizona license plates appeared to be driving in an intoxicated manner. The citizen also reported that the vehicle, which contained two males, was stopped at a certain gas station in Pierre. The dispatcher relayed this information to a police officer, who observed a vehicle matching that description at the gas station. The officer watched the vehicle from across the street until the defendant and another male entered the vehicle and drove away. The officer stopped the vehicle about three blocks from the gas station, even though he did not observe any traffic violations or erratic driving by the defendant, who was driving the vehicle at that time. After administering a number of field sobriety tests, the officer arrested the defendant for driving under the influence of alcohol. The officer also conducted a post-arrest search of the vehicle and found some controlled drugs.

The state charged the defendant with driving under the influence of alcohol, driving under the combined influence of alcohol and drugs, and unauthorized possession of a controlled substance. In a Part II information, the state also charged the defendant with being a habitual offender under SDCL 22-7-7. Following a hearing on the defendant's motions to suppress and dismiss, the trial court ruled that the officer did not have a reasonable suspicion or basis to stop the defendant's vehicle; consequently, the trial court suppressed all of the evidence and dismissed the charges.

On appeal, the state argues that information provided to the police by a private citizen may be sufficient to create a reason-

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Richard L. Bode of Maher, Carter, Arendt & Bode, Pierre, for defendant and appellee.

able suspicion of a violation, thereby justifying the stop of a vehicle. We agree.

■ A police officer must have a specific and articulable suspicion of a violation before the stop of a vehicle will be justified. The factual basis required to support a stop is minimal. The stop cannot be the product of mere whim or idle curiosity; it is enough if the stop is based upon specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion. *State v. Anderson*, 359 N.W.2d 887 (S.D.1984).

The United States Supreme Court has ruled that reasonable cause for a stop need not be based upon an officer's personal observations; the factual basis for the stop may be supplied by information acquired from another person. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). *See also United States v. Aldridge*, 719 F.2d 368 (11th Cir.1983), and *Marben v. State, Dept. of Public Safety*, 294 N.W.2d 697 (Minn.1980). In addition, this court has stated that a stop may be justified even though the officer did not witness any violations. *See Anderson, supra; State v. Johnson*, 320 N.W.2d 142 (S.D.1982).

■ In the present case, the officer received specific information from a private citizen about a suspected violation of the law, including a description of the vehicle, its license plates, the number of occupants, and the vehicle's location. The officer was able to verify this information when he arrived at the location. Under such circumstances, a report from a private citizen is clearly sufficient to create a reasonable suspicion of a violation; it was not necessary for the officer to observe erratic driving or a traffic violation.

The state also argues that the trial court erred by dismissing the information even though none of the grounds stated in SDCL 23A-8-2 were present in the case. This issue was not raised before the trial court; therefore, we will not address it on appeal. *State v. Vogel*, 315 N.W.2d 324 (S.D.1982).

The order of the trial court is reversed.

FOSHEIM, C.J., WUEST, J., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

HENDERSON, J., dissents.

SABERS, J., not having been a member of this court at the time this action was submitted to the court, did not participate.

HENDERSON, Justice (dissenting).

In the case at bar, the arresting officer stopped defendant's moving motor vehicle "even though he did not observe any traffic violations or erratic driving by the defendant, who was driving the vehicle at that time." He admitted, under oath, he had no basis for stopping the vehicle. The only basis for the officer's stop of defendant's vehicle thus becomes a private citizen's report that the driver of an Arizona station wagon *"appeared* to be driving in an intoxicated manner." (Emphasis supplied mine.) This is loose language. When the officer first observed the vehicle, there was no one in it and the dispatch report did not indicate who was driving, the manner of driving, or a description of the driver. Thus, when defendant and another individual entered the vehicle and drove away, the officer had no way of knowing if defendant was the driver who precipitated the citizen's report.

In *State v. Jim Anderson*, 359 N.W.2d 887, 892 (S.D.1984) (Henderson, J., concurring in result), I did not subscribe to the view that a police tip (based on hearsay) could, in and of itself, constitute articulable suspicion to stop a moving vehicle.

It is apparently a mental difficulty for some lawyers to realize that stopping a car on a highway by a law enforcement officer without a reasonable basis for doing so is an unlawful *seizure* under the Fourth Amendment of the United States Constitution.

The Fourth and Fourteenth Amendments are implicated in this case because

stopping an automobile and detaining its occupants constitute a "seizure" within the meaning of those Amendments, even though the purpose of the stop is limited and the resulting detention quite brief. *United States v. Martinez-Fuerte*, 428 U.S. 543, 556–558, 49 L.Ed.2d 1116, 96 S.Ct. 3074 [3082–3083] (1976); *United States v. Brignoni-Ponce*, 422 U.S. 873, 878, 45 L.Ed.2d 607, 95 S.Ct. 2574 [2578–2579] (1975); cf. *Terry v. Ohio*, 392 U.S. 1, 16, 20 L.Ed.2d 889, 88 S.Ct. 1868, [1877] 44 Ohio Ops.2d 383 (1968). The essential purpose of the proscriptions in the Fourth Amendment is to impose a standard of "reasonableness" upon the exercise of discretion by government officials, including law enforcement agents, in order " 'to safeguard the privacy and security of individuals against arbitrary invasions....' " *Marshall v. Barlow's Inc.*, 436 U.S. 307, 312, 56 L.Ed.2d 305, 98 S.Ct. 1816 (1978), quoting *Camara v. Municipal Court*, 387 U.S. 523, 528, 18 L.Ed.2d 930, 87 S.Ct. 1727 [1730] (1967).

*Delaware v. Prouse*, 440 U.S. 648, 653–54, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660, 667 (1979) (footnotes omitted). There must be a *factual basis* to establish specific and articulable *facts*. Dear students of the law, where are the *facts* here? The one— the only—supposed *fact* is a conclusion; a conclusion by a citizen that it "appeared." We, in South Dakota, have abandoned the sanctity of the Fourth Amendment, i.e., to protect people in motor vehicles from unreasonable searches or *seizures* by this decision. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); and *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660.

For the reasons expressed in *Jim Anderson*, 359 N.W.2d at 892–94, and for the reasons expressed in *State v. Richard Anderson*, 331 N.W.2d 568, 573 (S.D.1983) (Henderson, J., concurring in result), I dissent from the reasoning and conclusion of the majority opinion. As I believe the trial court's order was correct, I respectfully dissent.