STATE of South Dakota, Plaintiff
and Appellant,

v.

Eugene F. CZMOWSKI, Defendant
and Appellee.

No. 14952.

Supreme Court of South Dakota.

Considered on Briefs Oct. 25, 1986.
Decided Aug. 27, 1986.

Clair B. Ledbetter, Asst. Atty. Gen., and Maxine Lofgren, Legal Intern, Pierre, for plaintiff and appellant; Mark V. Meierhenry, Atty. Gen., on the brief.

Jean M. Cline, Rapid City, for defendant and appellee.

MORGAN, Justice.

This is an intermediate appeal in a prosecution for driving while under the influence of alcohol. The state appeals from a magistrate's order granting the defendant's motion to suppress all evidence obtained by law enforcement officers after they stopped defendant to investigate his driving. We reverse and remand.

Late one September afternoon in 1984 the Meade County/Sturgis, South Dakota, law enforcement dispatcher received a call from an anonymous male caller reporting a possible drunk driver. The caller reported that he was at a Sturgis truck stop and that he had been following an eastbound vehicle on interstate highway I–90, which goes through Sturgis. He described the vehicle as a white pickup and gave its license number. He stated that it was weaving all over the road and had just gone past Sturgis.

This information was immediately relayed to Trooper Oren Hindman who was also in Sturgis at the time.* Hindman radioed the port-of-entry station seven miles east of Sturgis on highway I–90. He described the suspected vehicle, gave its

---

* We note that Trooper Hindman was the victim of a homicide in May 1985. *State v. Aikins,* Crim. 85–318 (Eighth Circuit Court, Lawrence County, South Dakota, 1985).

license number to Harold Dodd, the port-of-entry officer there, and asked him to detain the driver.

Five minutes after Hindman reported the vehicle to Dodd, the vehicle stopped at the port-of-entry to be weighed. Dodd did not notice anything unusual about defendant's operation of the truck. After the truck was weighed on the scales, Dodd asked defendant to park in back of the building. When defendant entered the building Dodd smelled alcohol on him and asked him to wait there for Trooper Hindman. Dodd did not notice anything else unusual about defendant, who waited until Hindman arrived. When Hindman arrived, Dodd identified defendant as the driver of the vehicle that he had been asked to detain. Hindman had defendant perform several field sobriety tests and arrested him for DUI. Hindman never observed defendant operate the vehicle.

Based on this evidence the magistrate concluded: (1) that the anonymous tip was uncorroborated, (2) that the officers had not observed anything sufficient to create a reasonable suspicion upon which they could justify a stop of defendant's vehicle, and (3) that the tip was twice removed by hearsay from the officer who made the stop and that it could not support a reasonable suspicion. Thus, the issue is whether the anonymous tip was corroborated by evidence, other than the officers' observations, sufficient to justify a stop under the United States Constitution, Amendment IV. No question is raised about Dodd's authority as a law enforcement officer to make the stop. *See* SDCL 49–28–65 (law enforcement powers of Department of Public Safety inspectors).

■ An anonymous first hand tip, when it is corroborated by other details, may serve as a sufficient basis on which to uphold a stop. *United States v. Aldridge,* 719 F.2d 368, 371 (11th Cir.1983), citing *United States v. Roper,* 702 F.2d 984 (11th Cir.1983); *see also United States v. Porter,* 738 F.2d 622 (4th Cir.1984), *cert. denied* —— U.S. ——, 105 S.Ct. 389, 83 L.Ed.2d 323 (1984); *State v. Brock,* 426 So.2d 1287 (Fla.

Dist.Ct.App.1983). In *Aldridge* the anonymous tip received by the law enforcement authorities late at night reported "suspicious persons in or around a construction site fooling with vehicles." The tipster, who claimed to be a tenant near the site, described the vehicle thought to be involved in this suspicious activity. The court held that these details corroborated the tip and gave rise to a reasonable suspicion sufficient to justify a stop.

■ The officer making a stop on the basis of a corroborated tip is not required to have independent personal knowledge of the facts to justify stopping a vehicle. *See State v. Kissner,* 390 N.W.2d 58 (S.D.1986). "In assessing police justifications for arrests or intrusions of a type less offensive than full arrests, we take an objective view of all the facts and may evaluate the knowledge of all the officers collectively." *Brewer v. Wolff,* 529 F.2d 787, 790 (8th Cir.1976); *see also United States v. Merritt,* 695 F.2d 1263 (10th Cir.1982) (same principles apply to investigatory stops), *cert. denied,* 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 286 (1983).

The Supreme Court has rejected efforts to limit investigative stops to situations in which the officer has personally observed suspicious conduct. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).

*Aldridge,* 719 F.2d at 371.

■ Although the tip in this case may have been hearsay from Hindman's and Dodd's point of view, our objective view of the knowledge of all the officers collectively, *Brewer, supra,* permits us to conclude that the tip was not hearsay but was instead a first-hand report to the law enforcement dispatcher. Even if the tip could be considered hearsay, the Supreme Court in *Adams, supra,* rejected the contention that the hearsay rule of evidence should be used to analyze whether reasonable suspicion for a stop exists. "[T]he subtleties of the hearsay rule should not thwart an appropriate police response [in making a stop]." 407 U.S. at 147, 92 S.Ct. at 1924; *see also*

*Aldridge, supra,* (anonymous tip received by law enforcement agency and radioed to stopping officer). Consequently, the magistrate in this case erroneously concluded that the hearsay nature of the tip prevented it from giving the officers a reasonable suspicion upon which to stop defendant.

Viewed collectively, the anonymous first hand report that a possible drunk driver was "weaving all over the road" was corroborated by the location of the vehicle a very short time after it had been reported in Sturgis; additional corroboration was provided by the vehicle's description, including its license plate number. These details were similar to the corroborative details reported in *Aldridge, supra.*

■ Although Dodd did not have personal knowledge of defendant's driving, when all the facts were viewed together, they provided a specific and articulable suspicion upon which Dodd could detain defendant and Hindman could further investigate defendant's ability to operate his vehicle. Thus the magistrate also erred as a matter of law in concluding that the tip was uncorroborated and in assuming that the officers were required to personally observe every fact before they could have reasonable suspicion to stop defendant.

Because the facts supporting the stop are viewed collectively, we find it unnecessary to consider the state's theory that Dodd was Hindman's agent for purposes of making the stop.

■ Finally, we dispose of defendant's contention that this court should dismiss the appeal as moot because of the death of Trooper Hindman. Defendant fails to cite any authority for his proposition that Hindman's death makes this matter moot. This deficiency alone would give us reason to say that defendant waives the issue. *State v. Shull,* 331 N.W.2d 284, fn. 1 (S.D.1983); *see also State v. Grooms,* 359 N.W.2d 901 (S.D.1984). Perhaps no authority is cited because this claim is so patently meritless. Although Hindman's death may present the state with evidentiary difficulties in proving its case at trial, the issues in this action certainly have not become moot.

The magistrate's order granting the motion to suppress is reversed and the matter is remanded for further proceedings.

FOSHEIM, C.J., and WUEST, J., and HERTZ, Cir.J., acting as a Supreme Court Justice, concur.

HENDERSON, J., concurs in part and dissents in part.

SABERS, J., not having been a member of the court at the time this action was submitted to the court, did not participate.

HENDERSON, Justice (concurring in part, dissenting in part).

Findings of Fact and Conclusions of Law and Order predicated thereon, were filed on April 17, 1985. This Court must find these Findings of Fact and Conclusions of Law to be clearly erroneous. This is so in a suppression hearing. *State v. Hall,* 353 N.W.2d 37 (S.D.1984). Our scope of review is thus set and the majority opinion mentions it not. As the majority opinion fails to apply the correct scope of review, and because this law-trained magistrate did not enter clearly erroneous Findings of Fact and Conclusions of Law and Order predicated thereon, I respectfully dissent to the substantive holding.

I do believe that the law-trained magistrate ruled correctly in this evidentiary matter, which is the issue of the appeal, and I would affirm his order granting the motion to suppress. I further add that I certainly agree with the majority that this appeal is not moot because of the tragic death of Trooper Oren Hindman. We should rule on the merits of this case and to that extent, I agree with the majority.

To appreciate the background of this dissent in part, I refer to *State v. Kissner,* 390 N.W.2d 58, 60 (S.D.1986) (Henderson, J., dissenting); *State v. Jim Anderson,* 359 N.W.2d 887, 892 (S.D.1984) (Henderson, J., concurring in result); and *State v. Richard*

*Anderson,* 331 N.W.2d 568, 573 (S.D.1983) (Henderson, J., concurring in result).

We must first recognize that the majority opinion misstates the degree of knowledge possessed by Trooper Hindman and Inspector Dodd and fails to recognize the difference between a stop as referred to in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and the investigation of a DUI.

First of all, we must examine the anonymous tip. It gave a description of the vehicle, license plate number, direction of travel, and action of travel. It was based upon this information, and this information alone, that Trooper Hindman required—via state radio—Inspector Dodd to stop the defendant. Crystallize and isolate this information. Then examine it: Was this an articulable suspicion of the commission of the offense of DUI? The answer is no. Body type and color of automobile, license plate number, direction of travel, and action of travel will not, in itself, justify a stop. *See Jim Anderson,* 359 N.W.2d at 893. Before a law enforcement officer can stop a motor vehicle, the officer must have a specific and articulable suspicion of a violation. *Whitson v. Dep't of Pub. Safety,* 346 N.W.2d 454 (S.D.1984). True, defendant had a commercial vehicle and was required to stop at the port of entry. This is not, however, the stop in question.

Rather, the stop in question is the stop made by Inspector Dodd at the request and demand of Trooper Hindman. In other words, the defendant was stopped and detained and told that he must wait for Trooper Hindman.

QUESTION: Didn't you inform him that he was to wait there for a highway patrolman?

ANSWER: I—yes to wait for Trooper Hindman.

QUESTION: OK. So you had told him that he had to stay there because there was—was somebody coming to talk to him?

ANSWER: Yah.

Thus, we must not confuse the stop at the port of entry because of the commercial vehicle business. We then arrive at a point in judging this case as to the precise question: Was there articulable suspicion of a crime having been committed which justified Inspector Dodd in making the aforesaid stop and detention of defendant? It is obvious that we are dealing with a Fourth Amendment case. As we all know, this prohibits unreasonable search or seizure. Here, the defendant was seized. As I have pointed out, there is only an anonymous phone tip here. This then brings us to the very conceptual plateau which I feared could happen in this state. I refer to my concurrence in result in *Jim Anderson,* 359 N.W.2d at 892.

Although I concur in the result of this case, I cannot accept that the police tip (based on hearsay) would, in itself, constitute articulable suspicion to stop the car of appellant. An equipment violation would justify stopping the car. Here, there was an equipment violation. But, under the language of this opinion, a hearsay tip opens the door for any officer to now stop someone on the highway for no reason at all other than a hearsay tip.

There is no probative value whatsoever in Trooper Hindman's observations of the defendant or causing the defendant to undergo tests at the scene. We cannot look and determine, after the stop, and after the intrusion, as to that which the State has found. Why? Simply because this is all after-the-fact. Later facts cannot bootstrap the justification of the stop. Hence, the majority's allusion to facts after the defendant was stopped by Inspector Dodd and held for Trooper Hindman are totally irrelevant to the issue at hand. The majority opinion reaches out for corroboration to justify the stop. In so doing, it errs. Simply put, Port of Entry Inspector Dodd had no specific and articulable suspicion of a violation. When defendant arrived at the Tilford Port of Entry Station southeast of Sturgis, Inspector Dodd stopped and detained him at the mere request of Trooper Hindman. Trooper Hindman, however, did not at any time observe defendant operat-

ing the vehicle and Inspector Dodd did not observe anything unusual in defendant's ability to complete the vehicular maneuvers necessary to pass a port of entry check which Dodd requested. Inspector Dodd was not cognizant of the details of the dispatcher's report and he did not notice anything unusual in defendant's behavior and speech (nor his driving) when defendant entered the port of entry building. Dodd saw absolutely nothing wrong, yet he requested defendant to come inside the port of entry building after defendant had satisfactorily performed all tests. Are we now at a stage, in law, where an anonymous tip takes precedence in law over (a) first-hand observation of an individual by an officer and (b) satisfactory maneuvers of a vehicle in the presence of an officer? Apparently, we have elevated a "tip" from an anonymous individual over direct, first-hand observation at the scene. Hence, there are no facts upon which to build "articulable suspicion." "A well-established rule is that the findings of fact must support the conclusions of law." *Hartpence v. Youth Forestry Camp*, 325 N.W.2d 292, 297 (S.D.1982). Therefore, I maintain the law-trained magistrate ruled correctly in this matter as there was no specific and articulable suspicion of a violation. His findings support the conclusions of law. There is no clearly erroneous determination below. I disagree with the majority opinion's exercise of its judicial function in finding the facts and vaulting such findings over the trial court's judicial function. The law-trained magistrate's decision should be affirmed in granting the motion to suppress.