**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Steven SCHULZ, Defendant and Appellant.**

No. 15273.

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1987.

Decided July 15, 1987.

Richard D. Coit, Asst. Atty. Gen., Pierre, for plaintiff and appellee; and Mark Meierhenry, Atty. Gen., Pierre, on brief.

Richard Braithwaite of Braithwaite Law Offices, Sioux Falls, for defendant and appellant.

GERKEN, Circuit Judge.

Steven Schulz (defendant) appeals from a final judgment of conviction for the crimes of commission of a felony while armed with other than a machine gun or short shotgun, SDCL 22–14–13, and possession of a firearm with an altered serial number, a violation of SDCL 22–14–5.

On February 22, 1985, an informant who knew defendant provided Butte County States Attorney, John Fitzgerald, with in-

formation regarding defendant's possession of drugs. The informant told Fitzgerald that at 3:30 or 3:45 p.m. that day a beat-up yellow Datsun car would be traveling on Highway 85 toward Lead, South Dakota, after having been at a residence in Belle Fourche. The informant identified the two occupants of the vehicle as defendant and Wayne Courtney, both of whom he described. The informant reported that the vehicle had Wyoming license plates and he recited the numbers to Fitzgerald. Fitzgerald later was able to verify that the vehicle was registered in defendant's name. The informant also described the type and quantity of drugs, as well as the location of the drugs in the vehicle.

Fitzgerald told local law enforcement officials about the information he had obtained and directed them to locate and stop the car. At approximately 3:30 p.m. the officers located the vehicle Fitzgerald described. It was traveling through Belle Fourche on Highway 85 toward Lead. Although defendant was the only occupant of the vehicle, the officers stopped the car. Defendant produced his driver's license upon request, which verified his identity. Defendant denied he had any drugs, but he was carrying a .22 caliber pistol which had altered serial numbers. After the police officer discovered this weapon, a search of defendant's person and the vehicle revealed various types and quantities of controlled substances and drugs.

On March 13, 1985, a grand jury returned an indictment charging defendant with the following crimes:

Count 1—Possession of marijuana in violation of SDCL 22-42-6.

Count II—Unauthorized possession of a controlled substance (cocaine) in violation of SDCL 22-42-5 and SDCL 34-20B-16.

Count III—Unauthorized possession of a controlled substance (methamphetamine) in violation of SDCL 22-42-5 and SDCL 34-20B-16.

Count IV—Commission of a felony while armed with other than a machine gun or short shotgun in violation of SDCL 22-14-13.

Count V—Possession of a firearm with altered serial number in violation of SDCL 22-14-5.

Count VI—Carrying a pistol without a license in violation of SDCL 22-14-9.

The Butte County State's Attorney later filed a supplemental information charging defendant as a habitual offender as defined by SDCL 22-7-8.

At arraignment on March 29, 1985, defendant pleaded not guilty to all charges. On June 24, 1985, pursuant to a plea agreement with the state, defendant pled guilty to Counts II and III of the indictment. The circuit judge refused to accept that plea, citing an insufficient factual basis, and ordered the plea withdrawn. Defendant and the state presented a second plea agreement to the court on November 1, 1985, where defendant pled guilty to Counts IV and V of the indictment in return for the state's dismissal of all the other charges. The court accepted the plea and convicted and sentenced the defendant to a term of three years in the penitentiary.

Defendant challenges the warrantless stop of his vehicle, the factual basis for his guilty plea, and the effectiveness of his counsel.

### I.

Defendant moved to suppress evidence obtained after the warrantless stop of his vehicle, claiming a violation of his constitutional right to be free from unreasonable searches and seizures. The trial court denied defendant's motion to suppress.

■ This court has consistently followed the general rule that a voluntary and intelligent plea of guilty waives a defendant's right to appeal all nonjurisdictional defects in the prior proceedings. *State v. Grosh*, 387 N.W.2d 503 (S.D.1986); *State v. Janssen*, 371 N.W.2d 353 (S.D.1985); *State v. Morrison*, 337 N.W.2d 825 (S.D.1983); *State v. Culton*, 273 N.W.2d 200 (S.D. 1979); *State v. Losieau*, 266 N.W.2d 259 (S.D.1978); *State v. Jordan*, 261 N.W.2d 126 (S.D.1978).

When a criminal defendant has solemnly admitted in open court that he is in fact

guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea ...

*Grosh, supra,* 387 N.W.2d at 507 (quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973)).

The erroneous denial of a motion to suppress evidence would be a nonjurisdictional defect. *Losieau, supra, Jordan, supra.* Because he pled guilty, defendant waived any such nonjurisdictional defect. He may only attack the voluntary and intelligent nature of his guilty plea.

■ Notwithstanding this waiver of the right to appeal nonjurisdictional defects, we find that the warrantless stop of his vehicle did not deprive defendant of his constitutional rights. In *State v. Anderson,* 331 N.W.2d 568 (S.D.1983), we examined the requisite grounds for a justifiable investigatory traffic stop and adopted a "reasonable suspicion" standard. We held, consistent with the principles set forth in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), that the "officer must have a specific and articulable suspicion of a violation before the stop will be justified." *Anderson, supra,* 331 N.W.2d at 570. We emphasized that the factual basis necessary to support a stop for a routine traffic check is minimal. All that is required is that the stop not be the product of mere whim, caprice, or idle curiosity. It is enough that the stop is based upon specific and articulable facts which, taken together with rational inferences drawn from those facts, reasonably warrant the intrusion. *Id.*

We have extended the "reasonable suspicion" standard to stops based upon an anonymous tip by a private citizen. *State v. Czmowski,* 393 N.W.2d 72 (S.D.1986). "An anonymous first hand tip, when it is corroborated by other details, may serve as a sufficient basis on which to uphold a stop." *Id.* at 73. In this case the information provided to the state's attorney was specific in every detail and was substantially verified by the observations of the officer who stopped the defendant's vehicle. The automobile and its license plates matched the informant's description and it was traveling at the same time, place and direction as described by the informant. Defendant was driving the automobile, even though the second occupant of the automobile was absent, contrary to the informant's prediction. In this case there existed a reasonable suspicion which justified the investigatory stop.

## II.

Defendant claims the trial court did not establish a factual basis for his guilty plea. Defendant claims the record does not sufficiently identify the substances seized from him as cocaine or methamphetamine. Defendant also argues that the record lacks any support for the trial court's finding that he knowingly possessed cocaine or methamphetamine, an essential element of Count IV of the indictment.

Before the trial court accepted defendant's guilty plea, defendant's attorney stated, "Excuse me, your honor, talking to [defendant] earlier in regard to Count IV, he told me that at the time he possessed the gun he also had in his possession, cocaine." Defendant argues that his attorney's statement cannot be considered by the trial court to establish a factual basis for his guilty plea.

Whether defense counsel's statements may be used to establish a factual basis for a guilty plea is an issue never addressed by this court, even though we have examined the factual basis requirement several times. *State v. Lashwood,* 384 N.W.2d 319 (S.D.1986); *Halverson v. State,* 372 N.W.2d 463 (S.D.1985); *Graham v. State,* 328 N.W.2d 254 (S.D.1982); *Gregory v. State,* 325 N.W.2d 297 (S.D.1982); *State v. Sutton,* 317 N.W.2d 414 (S.D.1982); *Spirit Track v. State,* 272 N.W.2d 803 (S.D.1978); *State v. Doherty,* 261 N.W.2d 677 (S.D. 1978). The factual basis requirement, codified at SDCL 23A–7–2, is very closely patterned after Federal Rule of Criminal Procedure 11(f). Thus, to guide our interpre-

tation of SDCL 23A–7–2, we look to the federal courts' interpretation of Rule 11(f).

Receiving guilty pleas is a process beset with pitfalls. The two most dangerous of these have long been recognized: coerced pleas and ignorant pleas. The first of these plainly is condemned by the Fifth Amendment's mandate that no one be compelled in any criminal case to be a witness against himself. The second arises from the guilty plea as perhaps the supreme instance of waiver known to our system of justice, one by which all of its trial rights and safeguards are voluntarily foregone, and a defendant deliberately submits to conviction. If this is to be permitted, a decent system of justice, at a minimum, will concern itself that the admission is voluntary and intelligently made. These are core considerations, requirements that manifestly must lie at the heart of any respectable system for settling (as opposed to trying) criminal charges. *United States v. Dayton,* 604 F.2d 931, (5th Cir.1979).

Rule 11 is designed to protect these core considerations by ensuring that a guilty plea is entered voluntarily and intelligently. Rule 11(f) provides:

Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

Before accepting a guilty plea, a court must be subjectively satisfied that a factual basis exists for the plea. *Dayton, supra.* The court must find a factual basis for each element of the offense. *United States v. Trott,* 779 F.2d 912 (3rd Cir.1986); *United States v. Montoya-Camacho,* 644 F.2d 480, 485 (5th Cir.1981). The factual basis must appear clearly on the record. *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Graves,* 720 F.2d 821 (5th Cir.1983); *Sassoon v. United States,* 561 F.2d 1154 (5th Cir.1977); *United States v. Davis,* 493 F.2d 502 (5th Cir.1974).

Rule 11 makes clear that the judge must "develop, *on the record,* the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge." (emphasis original) *Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 432 (1971). Rule 11(f), as opposed to Rule 11 generally, does not require a colloquy between judge and defendant; the court may find the factual basis in anything that appears on the record. *United States v. Suter,* 755 F.2d 523 (7th Cir.1985); *United States v. Wetterlin,* 583 F.2d 346 (7th Cir.1978); *Irizarry v. United States,* 508 F.2d 960 (2nd Cir.1974). It is not necessary that a defendant state the factual basis in his own words. *United States v. Lovelace,* 683 F.2d 248 (7th Cir.1982); *United States v. Madrigal,* 518 F.2d 166 (7th Cir.1975); *Davis v. United States,* 470 F.2d 1128 (3rd Cir.1972); *United States v. King,* 604 F.2d 411 (5th Cir.1979).

There are a number of sources from which the court may determine a factual basis. The failure of the court to inquire personally of the defendant is not of itself grounds for reversal if the factual basis is otherwise established. In this regard the court may inquire of the prosecution or the law enforcement officer who investigated the case. *United States v. Fountain,* 777 F.2d 351 (7th Cir.1985). The court may look to a defendant's own admissions, the government's proffer of evidence or the pre-sentence report in making this determination. *United States v. Allen,* 804 F.2d 244 (3rd Cir.1986). The factual basis may be supported by a trial court's access to the preliminary hearing transcript, even if its contents would not be admissible at trial. *Paulson v. Black,* 728 F.2d 1164 (8th Cir. 1984), *Thundershield v. Solem,* 565 F.2d 1018 (8th Cir.1977). And a pre-sentence report may provide the factual basis if this circumstance appears on the record and if that report is made a part of the record. *Sassoon, supra,* 561 F.2d at 1159. Reading the indictment to the defendant coupled with his admission of the acts described in it is a sufficient factual basis for a guilty plea, as long as the charge is uncomplicated, the indictment detailed and specific, and the admissions unequivical. *Kloner v. United States,* 535 F.2d 730 (2nd Cir.1976); *Jimenez v. United States,* 487 F.2d 212 (5th Cir.1973); *Sassoon, supra.* "How-

ever, if the defendant denies an element of the offense or generally maintains his innocence, the record must be augmented to establish a basis for the plea." *Godwin v. United States*, 687 F.2d 585, 590 (2nd Cir. 1982).

The appellant in the case of *United States v. Madrigal*, 518 F.2d 166 (7th Cir. 1975), argued that Rule 11 required the trial judge to have the defendant state in his own words the elements of the offenses charged, the facts underlying his participation in those offenses and the possible consequences of his plea. The court noted that "however wise such a rule might be and the extent to which it might obviate the consideration of frivolous appeals, we find no case that requires it and the language of the rule itself embodies no such obligation." *Id.* at 167. All that is required is that the court be satisfied there is a factual basis for the plea, and not necessarily that the defendant is guilty. If there is a factual basis for the plea, judgment can be entered on it even though the defendant claims he is innocent, so long as there is a sufficient inquiry by the court. 1 Wright, *Federal Practice & Procedure: Criminal 2d*, § 174 (1982).

■ Federal courts have approved factual basis findings drawn from a broad and varied range of sources, all of which bear a strong indicia of reliability. Statements made to the court by defense attorneys at Rule 11 hearings seem equally reliable. We therefore hold that statements made at Rule 11 hearings by the attorney for the defendant may be used to support a trial court's finding of a factual basis. This holding is in accord with the Advisory Committee Note to the 1975 Amendment of Rule 11: "An inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case." *Id.*

We caution, however, that a personal conversation between the judge and the defendant is clearly the best method for establishing the factual basis. "To the extent that the district judge thus exposes the defendant's state of mind on the record through personal interrogation, he not only facilitates his own determination of a guilty plea's voluntariness, but he also facilitates that determination in any subsequent post-conviction proceeding." *McCarthy, supra*, 394 U.S. at 467, 89 S.Ct. at 1171, 22 L.Ed.2d at 426.

It is essential that this suggested colloquy between the judge and the defendant be meaningful. Simple affirmative or negative answers or responses which merely mimic the indictment or the plea agreement cannot fully elucidate the defendant's state of mind. For this reason the trial court should question the defendant in a manner that requires the accused to provide narrative responses. Questions concerning the setting of the crime, the precise nature of the defendant's actions, or the motives of the defendant, for instance, will force the defendant to provide the factual basis in his own words. The court should not be satisfied with coached responses, nor allow a defendant to be unresponsive.

The individual interrogation suggested here could potentially lengthen Rule 11 hearings and we are not unmindful of the pressures on the trial courts. However, obtaining factual admissions from the defendant in his own words and on the record will discourage frivolous post-conviction and appellate attacks on guilty pleas. "To the extent the defendant is not required to provide these narrative responses, the system is subject to abuse by wily defendants who go through the hearing without squarely admitting their guilt and who later challenge the adequacy of the hearing on the grounds of lack of comprehension, factual basis, or voluntariness." *Fountain, supra*, 777 F.2d at 356–57.

■ In accordance with our holding stated above, we find that the trial judge in this case properly considered the defense attorney's statements, together with the other evidence available to him, in finding a factual basis existed for defendant's guilty plea to Count IV of the indictment.

### III.

Finally, defendant raises an ineffective assistance of counsel claim. This court has

repeatedly held that habeas corpus (formerly post-conviction) relief is the preferable means to present an allegation of ineffective assistance of counsel. *State v. Anderson,* 387 N.W.2d 544 (S.D.1986); *State v. Dornbusch,* 384 N.W.2d 682 (S.D. 1986); *State v. Tiger,* 365 N.W.2d 855 (S.D. 1985); *State v. Hammond,* 357 N.W.2d 278 (S.D.1984); *State v. Tchida,* 347 N.W.2d 338 (S.D.1984); *State v. Iron Shell,* 336 N.W.2d 372 (S.D.1983); *State v. Phipps,* 318 N.W.2d 128 (S.D.1982); *State v. McBride,* 296 N.W.2d 551 (S.D.1980). "We will not consider the issue on direct appeal unless 'the defense at trial was so ineffective and counsel's representation so casual that the trial record evidences a manifest usurpation of appellant's constitutional rights(.)' " *State v. Anderson,* 387 N.W.2d 544, 545 (S.D.1986) (quoting *State v. Phipps,* 318 N.W.2d 128, 131 (S.D.1982)). From the record presented we find insufficient evidence of ineffective assistance of trial counsel to warrant considering the allegation on direct appeal.

We note that the United States Supreme Court extended its seminal decision on ineffective assistance of counsel, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to those claims associated with guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). We agree that South Dakota's rules governing claims of ineffective assistance of counsel should apply to those claims associated with guilty pleas.

The judgment of the trial court is affirmed.

WUEST, C.J., and MORGAN and SABERS, JJ., concur.

HENDERSON, J., concurs in result on issue one, and concurs on issues two and three.

GERKEN, Circuit Judge, sitting for MILLER, J., disqualified.