STATE of South Dakota, Plaintiff
and Appellee,

v.

Robert W. CUNY, Defendant
and Appellant.

No. 18884.

Supreme Court of South Dakota.

Considered on Briefs March 23, 1995.

Decided June 28, 1995.

Mark Barnett, Atty. Gen., Patricia J. Froning, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Mark W. Grosshans, Office of Public Defender, Rapid City, for defendant and appellant.

PER CURIAM.

Following a court trial, Robert W. Cuny (Cuny) was convicted of misdemeanor driving under the influence of alcohol. SDCL 32–23–1, SDCL 32–23–2. On appeal he contends that there was no reasonable and articulable suspicion to justify the stop of his automobile. We affirm.

FACTS

At 3:24 a.m. on January 22, 1994, Rapid City police dispatch received a 911 call. Dispatch heard a man and woman verbally fighting before the calling party hung up. Dispatch tried to call back, but no one answered. Dispatch directed two officers to the calling home where the hang-up-call came from.

One minute later, at 3:25 a.m., dispatch received another 911 call from the same address. A female said, "I just had someone leave my house and he was threatening me." She related, "in [a] orange pickup, he's driving it. His name is Robert Cuny. He doesn't have a driver's license." The caller said, "He's leaving right now. He just left from the office at Lakota Homes. He's going up the street on Wambli, up toward (inaudible)." When asked whether he assaulted her, the female replied, "No. He just came to my house and he made verbal threats." After being told that officers were on the way, she said, "I want him to stop him and, because he's driving without a license." She also told the dispatcher that he was intoxicated. Dispatch immediately reported this information to the officers who were already enroute.

"Moments later" the officers spotted an orange pickup within a few blocks of the origin of the 911 call. They called in the license plate number and found that it was registered to Susanna Cuny. Although the officers did not observe any violations or inappropriate operation of the pickup, they elected to stop the vehicle. Less than four minutes had elapsed between the first 911 call and the stop.

ISSUE

DID THE POLICE HAVE A SPECIFIC AND ARTICULABLE SUSPICION OF A VIOLATION THAT JUSTIFIED THE STOP OF ROBERT CUNY'S AUTOMOBILE?

In *Graf v. Dept. of Commerce & Regulation*, 508 N.W.2d 1, 2 (S.D.1993), the standards for automobile stops were rearticulated:

The reasonable suspicion standard was extended to automobile stops in South Dakota in *State v. Anderson*, 331 N.W.2d 568 (S.D.1983). A police officer must have a specific and articulable suspicion of a violation before a stop will be justified. *Id.* The factual basis required to support the stop is:

[T]hat the stop be not the product of mere whim, caprice, or idle curiosity. It is enough if the stop is based upon "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion[.]"

*Anderson*, 331 N.W.2d at 570, (quoting *People v. Ingle*, 36 N.Y.2d 413, 369 N.Y.S.2d 67, 330 N.E.2d 39, 44 (1975)).

The United States Supreme Court has ruled that reasonable cause for a stop need not be based upon an officer's personal observations; the factual basis for the stop may be supplied by information acquired from another person. *Adams v. Williams* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). *See also United States v. Aldridge*, 719 F.2d 368 (11th Cir.1983), and *Marben v. State, Dept. of Safety*, 294 N.W.2d 697 (Minn.1980). In addition, this court has stated that a stop may be justified even though the officer did not witness any violations.

See *Anderson, supra; State v. Johnson,* 320 N.W.2d 142 (S.D.1982).

*State v. Kissner,* 390 N.W.2d 58, 60 (S.D. 1986).

Information provided by an anonymous telephone tip may be sufficiently reliable to justify a vehicle stop. *State v. Lownes,* 499 N.W.2d 896, 899 (S.D.1993).

In *Graf,* 508 N.W.2d at 3–4, this Court found that the requirement of specific and articulable facts had not been met:

> In Graf's case, there was little content to the anonymous tip that served as the basis for the stop. The anonymous caller gave the license number of the car and said that the driver was "possibly" intoxicated. The caller also told police that the vehicle was being driven westbound on 10th Street in Sioux Falls. The caller described no erratic driving. No attempt was made to verify the information by locating the car on 10th Street; Officer Schmit simply went to the vicinity of Graf's home after running a check on the plates. After waiting for over one-half hour, the officer observed Graf's vehicle heading home, pulled out behind Graf, and turned on his red lights. Officer Schmit did not observe any erratic driving on Graf's part. The only facts corroborated by the police were that Graf owned a brown automobile with the given license plate number.

> While the anonymous report of a private citizen may be sufficient to create reasonable suspicion for a stop, the facts of this case are in sharp contrast to the *Kissner,* [390 N.W.2d 58 (S.D.1986) ], *Czmowski,* [393 N.W.2d 72 (S.D.1986) ], and [*State v.* ] *Lownes,* [499 N.W.2d 896 (S.D.1993) ] cases where anonymous telephone callers described specific facts concerning driving conduct and gave detailed information which substantiated the tip and gave it greater reliability. *Alabama v. White,* [496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) ]. Here, the only facts supplied were a license number, general location of the vehicle, and a statement that the driver might "possibly" be drunk. No attempt was made to verify the location of the vehicle.

In his brief to this Court Cuny contends that his case is similar factually to *Graf.* However, Cuny argues a selective view of the facts. When viewed collectively, the facts show that there was a reasonable basis for the stop.

This case began with the receipt of a 911 call at 3:24 a.m. The caller did not directly speak to the 911 operator, but the operator heard a heated argument between a male and female before the caller hung up. The operator determined the location of the call and alerted the police officers who immediately began traveling to the scene.

Within a minute, the female called back and gave the following information:

- Robert Cuny had been verbally threatening her.
- Robert Cuny just left her house in an orange pickup.
- Robert Cuny left from the office at Lakota Homes and was traveling up on Wambli.
- Robert Cuny did not have a driver's license.
- Robert Cuny was intoxicated.

The 911 operator relayed this information to the responding officers, who, within moments spotted the orange pickup, ran a license plate check and found that the car was registered to Susanna Cuny, and stopped the vehicle. Four minutes had elapsed between the first call and the stop. The orange pickup was stopped within a few blocks of the home where the 911 calls originated.

Thus, the police received the following very specific information:

a) suspected law violations (the verbal assault which the 911 operator actually heard and driving under the influence),

b) a description of the vehicle and the name of the driver,

c) the location of the vehicle and its direction of travel.

Within moments of receiving this information, the police saw the vehicle in the area the call described. After running a license plate check and finding that it, too, corresponded within the caller's information, Cuny was stopped. The total time frame between

the 911 call and the stop was less than four minutes.

Thus, the police did have sufficient information to create a reasonable suspicion of a violation. *Graf, supra; State v. Kissner,* 390 N.W.2d 58 (S.D.1986); *State v. Czmowski,* 393 N.W.2d 72 (S.D.1986); *State v. Lownes,* 499 N.W.2d 896 (S.D.1993).

The judgment is affirmed.

MILLER, C.J., and SABERS and AMUNDSON, JJ., participating.

KONENKAMP, J., disqualified.

GILBERTSON, J., not having been a member of the Court at the time this case was submitted did not participate.