James K. LEWIS, et al.

v.

COUNTY OF LEHIGH: President Judge
Martin J. Coyne, et al.

Civ. A. No. 81–2080.

United States District Court,
E. D. Pennsylvania.

June 17, 1981.

James K. Lewis, pro se.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

 Plaintiffs, eight inmates of the Lehigh County Prison, filed this action pursu-

ant to 42 U.S.C. §§ 1983 and 1985, seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiffs allege that the defendants, the judges of the Lehigh County Court of Common Pleas, the District Attorney and the Assistant District Attorneys of Lehigh County, and the attorneys in the Lehigh County Public Defender's office, have conspired to deprive plaintiffs of the effective assistance of counsel and of fair and impartial trials. The alleged conspiracy, to the extent that it is explicated in the complaint, was and continues to be conducted as follows. First the defendant judges appoint the defendant public defenders to represent plaintiffs and people similarly situated[1] in criminal actions in the Lehigh Court of Common Pleas. The public defenders then fail to vigorously represent plaintiffs, and when the plaintiffs lose their criminal cases, those defenders abandon their clients. A different public defender who is unfamiliar with the case then files frivolous appeals without reviewing the files, specifically failing to raise any meritorious issues on appeal. All this is sanctioned by the defendant judges, who "tacitly" refuse to rectify the problem. The defendant district attorneys allegedly foster this conspiracy because it provides them with easy convictions and leverage to force cooperation from convicted criminals, from whom information can be obtained to aid in obtaining further convictions. The defendant district attorneys also allegedly file frivolous charges against persons who have knowledge which they wish to obtain, knowing they will be convicted in light of the above-described conspiracy and thus gaining access to the desired information. Plaintiffs seek money damages against all defendants as well as equitable relief as further discussed below.

 The judges' involvement in the alleged conspiracy constitutes solely the exercise of their judicial functions—appointing

---

1. To the extent that these plaintiffs seek to vindicate the rights of Lehigh County inmates and defendants not parties to this complaint, or other similarly situated future Lehigh County defendants, it is clear that they lack standing, because they thereby seek to vindicate rights not occasioned by a "personal loss." *Weaver v. Wilcox*, 650 F.2d 22 at 27 (3d Cir. 1981).

attorneys to represent indigent defendants and ruling on post-trial motions. Thus the judges are absolutely immune from liability for damages for the cause of action alleged in the complaint. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The equitable relief sought with regard to the judges is an injunction preventing them from appointing members of the Lehigh County bar to represent indigent defendants in cases before them, requiring the judges to appoint public defenders from offices in other counties to represent indigent Lehigh County defendants, requiring the judges to oversee the appeals prepared by the public defenders so that all "meritorious" issues are raised and no frivolous appeals are taken, and preventing public defenders who conduct trials from ceding their cases to other public defenders to pursue appeals. Such relief cannot be granted by this court. County court of common pleas judges do not have the authority to appoint public defenders or members of the bar from other counties, and thus my ordering the first two items of requested relief would be tantamount to my preventing the defendant judges from appointing counsel at all. Such a requirement would clearly contravene the constitution. *See Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). My ordering the third item of requested relief would require the judges to become advocates, determining the issues raised on appeal from cases tried before them. The final area of injunctive relief requested would directly involve the judges in the administration of the public defender's office, as they would be required to direct the assignment of trial and appellate work to individual public defenders. Such an injunction would lead to a thoroughly unethical commingling of the activities of the bench and the bar, as well as require the defendant judges to perform duties clearly outside of their judicial functions. Thus the complaint fails to state a claim upon which relief can be granted against the defendant judges, and is consequently frivolous as to those defendants.

■ The district attorneys' involvement in the alleged conspiracy constitutes solely the exercise of their prosecutorial functions—initiating prosecutions, engaging in plea bargaining, pursuing prosecutions in court, and presenting the government's version of cases on appeal. Clearly these defendants are absolutely immune from liability for damages for the cause of action alleged in the complaint. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). While the law in this circuit is somewhat unclear on the issue of immunity from equitable relief, it appears that the defendant district attorneys are absolutely immune from equitable relief as well. *Helstoski v. Goldstein*, 552 F.2d 564, 566 n.9 (3d Cir. 1977); *Brawer v. Horowitz*, 535 F.2d 830, 834 (3d Cir. 1976). Assuming *arguendo* that they are not immune from equitable relief, the relief requested would nevertheless be inappropriate because the complaint seeks an injunction which would require me to review all criminal prosecutions initiated by the District Attorney of Lehigh County to determine their propriety, to dictate and supervise the manner in which these defendants may conduct plea bargaining, and to order the dropping of charges against and release of all convicted prisoners whose prosecutions I somehow determine to be "bogus." Such an injunction would clearly exceed my equitable powers, assuming it were enforceable. Thus the complaint fails to state a claim upon which relief can be granted against the defendant district attorneys, and is consequently frivolous as to those defendants.

■ The public defenders' involvement in the alleged conspiracy constitutes solely the exercise of their official functions—defending indigent defendants in court, representing them in plea bargains, and bringing and prosecuting appeals in their behalf. Thus the public defenders are absolutely immune from liability for damages for the cause of action alleged in the complaint. *Ross v. Meagan*, 638 F.2d 646 (3d Cir. 1981); *Waits v. McGowan*, 516 F.2d 203 (3d Cir. 1975); *Brown v. Joseph*, 463 F.2d 1046 (3d Cir. 1972), *cert. denied*, 412 U.S. 950, 93 S.Ct.

3015, 37 L.Ed.2d 1003 (1973). Further, the equitable relief requested in the complaint would be inappropriate because it would require me to enforce an injunction assuring that all public defenders vigorously represent their clients and raise all meritorious issues on appeal, and would involve me in the administration of the public defender's office by requiring me to direct the assignment of trial and appellate work to individual public defenders. Issuing such an injunction and monitoring compliance would clearly be beyond my power from both a practical and a jurisdictional point of view. Thus the complaint fails to state a claim upon which relief can be granted against the defendant public defenders, and is consequently frivolous as to those defendants.

 Further, much of the language in the complaint suggests that this action is malicious. For instance, plaintiffs state in paragraph 10 of the complaint that "[t]his conspiracy by the defendants et al. of oppression and in some cases liquidation is carried out subtlely, and makes the Third Reich's assault on the Jews look like children's Saturday afternoon comedy show." Likewise, paragraph 9 of the complaint states:

> That the defendants via their agents use the inordinate delay in [the state appellate procedure] to offer the plaintiffs deals (e. g. to testify against individuals on the bogus trumped up charges whom they wish to incarcerate for whatever reason); and promise them their freedom for the same, only to have them rearrested and reincarcerated at their whims, which causes the plaintiffs great mental strain, and ipso facts (sic) is physical and mental coersion, which as designed breaks the spirit and brings forth the testimony desired, which results in the incarceration of individuals who are innocent of the offenses charged.

Another example is found under "Legal Cause of Action", paragraph B, where plaintiffs allege numerous constitutional deprivations, such as "search and seizure without probable cause and a warrant" and equal protection violations, although no facts which even remotely implicate such violations are alleged anywhere in the complaint. In light of the above-cited language, I find, pursuant to 28 U.S.C. § 1915(d), that this complaint was filed maliciously. This degrades our system of justice, belies the *bona fides* of the complaint, and raises serious questions about the propriety of permitting this action to proceed *in forma pauperis.*

Thus this complaint suffers from a host of infirmities. The complaint raises a serious standing problem; it seeks damages from defendants who are absolutely immune from liability for damages; its extremely vague and overbroad conspiracy allegations and requests for equitable relief render the complaint frivolous; and much of its language shows that it is malicious. Filing such a complaint is an example of the abuses of 42 U.S.C. § 1983 which recently led Justice Powell to characterize § 1983 as "a statute that already has burst its historical bounds." *Parratt v. Taylor,* —— U.S. ——, —— and n.13, 101 S.Ct. 1908, 1922 and n.13, 68 L.Ed.2d 420 (1981) (Powell, J. concurring). Further, even construing the complaint as broadly as possible, as I must pursuant to *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), I cannot conceive of a valid cause of action. To the contrary, the complaint affirmatively demonstrates that plaintiffs have no right to recover on the cause of action alleged. Thus it is beyond rehabilitation, and can properly be dismissed without leave to amend. *Estelle v. Gamble,* 429 U.S. 97, 107–08 & n.16, 97 S.Ct. 285, 292–293 & n.16, 50 L.Ed.2d 251 (1976); *Ross v. Meagan,* 638 F.2d 646, 649 (3d Cir. 1981). In addition, because the complaint is filed *in forma pauperis* and is frivolous and malicious, I am authorized to dismiss it pursuant to 28 U.S.C. § 1915(d). For all of these reasons I shall dismiss this complaint without leave to amend.