UNITED STATES of America, Plaintiff-Appellee,

v.

Eldridge LOVELACE, Defendant-Appellant.

No. 81–2879.

United States Court of Appeals, Seventh Circuit.

Argued June 11, 1982.

Decided July 23, 1982.

members, to submit grievances to arbitration before seeking any remedy from the courts.

William D. O'Neal, Harvey, Ill., for defendant-appellant.

Maureen DeMaio, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before PELL and COFFEY, Circuit Judges, and EAST,* Senior District Judge.

---

* William G. East, Senior District Judge for the District of Oregon, is sitting by designation.

PELL, Circuit Judge.

At issue in this appeal is whether the district judge abused his discretion in denying defendant Lovelace's motion to withdraw his guilty plea. The appellant argues that no factual basis existed for the guilty plea and that he did not comprehend the consequences of his plea at the time it was entered.

### I.

Lovelace was indicted on five counts of fraud. Counts I, II, and III referred to allegedly false statements made by the defendant in three Veteran's Administration (VA) Applications for Home Loan Guarantees. Count IV charged that Lovelace made false statements in a bankruptcy petition and count V charged fraud in connection with a VA Credit Statement. The defendant originally pleaded not guilty.

On June 29, 1981, Lovelace appeared with counsel. He attempted to withdraw his plea of not guilty and to enter instead a plea of nolo contendere. The trial judge refused to accept this plea and defense counsel, in the presence of the defendant, entered a plea of guilty. Before the court accepted the guilty plea, the judge held a lengthy discussion with the defendant. In addition to attempting to ascertain whether Lovelace was aware of the waivers inherent in a guilty plea, the court directly questioned the defendant as to his guilt or innocence. At several points, Lovelace's testimony suggested either a lack of knowledge and/or a lack of willfulness as to the false statements. The judge pursued these indications that the defendant might not be guilty as charged. Lovelace, however, stated in response to direct questioning that he had acted both willfully and knowingly. Throughout the exchange, which covers approximately thirty-two pages of transcript, the defendant repeatedly said, "I am pleading guilty."

Counsel for Lovelace had stated early in the proceeding that the defendant was diabetic. Before accepting the plea, the trial

judge asked whether the insulin Lovelace was taking had any effect on his "judgment or [his] mental processes or anything of that kind?" Lovelace responded, "I do not think so," and reiterated his plea of guilty to counts I, II, III, and V.[1] The court set the date of August 21, 1981, for return of the presentence investigation.

On August 21, 1981, defense counsel moved to vacate the guilty plea. A hearing was subsequently held. In the course of this hearing, Lovelace testified that he had neither eaten on the day he pleaded guilty nor taken his insulin for two days. The defendant stated that he had not understood what was taking place at the June 29th proceeding.

A medical doctor who had treated Lovelace, Dr. Nittor Jayaram, testified, in response to hypothetical questions, that an insulin-dependent diabetic who had neither eaten nor taken medication within a twenty-four hour period could possibly become disoriented and that laymen would recognize the symptoms only if they noticed the confusion. Dr. Jayaram also testified that if the defendant's blood sugar level had dropped low enough, he might not have been able to stand on his feet and respond to questions for half an hour.

Dr. Thomas Ciatteo, a psychiatrist and expert on insulin shock treatment, testified for the Government. He stated that a diabetic who neither ate nor took insulin would not suffer so severe a disorientation that he could not understand and respond intelligently to questions. He further stated that if disorientation occurred, it would be obvious to a layman.

Following this hearing, the court denied Lovelace's motion to withdraw his plea. On November 13, 1981, the court sentenced Lovelace to four concurrent terms of five years probation on each count and fined him $20,000.

## II.

■ Before turning to the merits of this appeal, we address a belated attempt by the defendant to change counsel. This appeal was argued on the morning of June 11, 1981, and the case was taken under advisement by the court at the conclusion of argument. That afternoon, a Mailgram, reading as follows, was received by the Clerk of the Court.

Dear Sir:

I am writing to inform you I will be unable to appear for oral argument on June 11, 1982. File number 81–2879. Case # 80–CR209. My new attorney representing me in this case is Nicholas M. Spina, 221 North LaSalle. Telephone 2368443.

Sincerely yours,

Eldridge Lovelace

14459 South Peoria

Harvey Il 60426

The docket sheet pertaining to this appeal indicates that Nicholas Spina never filed an appearance before this court. Further, Rule 14(e) of the Circuit Rules of this court states that "[a]ny request for waiver or postponement of a scheduled oral argument must be made by formal motion, with proof of service on all other counsel or parties." No such formal motion was made by or on behalf of Lovelace. Prior to receipt of the above-quoted Mailgram, the court had *no* notification from Lovelace that he intended to change or had already changed counsel. The attorney who argued for Lovelace did state at the beginning of his argument that he had not originally planned to appear on behalf of the appellant because he believed Lovelace had obtained a new lawyer.

Whatever the intentions of Lovelace, they were not made known to the court in proper and timely fashion. Mr. O'Neal did appear on Lovelace's behalf and indicated that he was prepared to argue the case. He did so in competent manner. We decline to recognize this belated effort on the appellant's part to postpone the argument in this case. The judicial system is no place for

---

1. No plea was accepted as to count IV because the questioning by Judge Grady raised serious questions as to Lovelace's guilt regarding the allegedly fraudulent statements in a bankruptcy petition.

the sport of obstruent gamesmanship. We therefore turn to the merits of the appeal.

### III.

▆ Rule 11 of the Federal Rules of Criminal Procedure requires that, before a plea of guilty is accepted, the court must determine that a factual basis for the plea exists. It is not necessary, however, that the defendant state in his own words the factual basis. *United States v. Madrigal*, 518 F.2d 166, 167 (7th Cir. 1975) (per curiam). This court has held that the requirements of Rule 11 were met where the judge summarized the charges contained in the indictment, and asked the defendant if he understood the charges and whether he had committed the enumerated acts. *Bachner v. United States*, 517 F.2d 589, 593 (7th Cir. 1975).

▆ In contrast to the summary examination of the defendant upheld in *Bachner*, the trial judge in the instant case thoroughly questioned Lovelace regarding each element of the crimes with which he was charged. Even if one characterizes Lovelace's testimony at the plea proceeding as "agreeing to agree," as the appellant does in his brief before this court, we believe that Judge Grady's meticulous questioning of the defendant fully satisfies the Rule 11 requirements.

### IV.

▆ Lovelace contends that his mental faculties were so impaired, due to lack of insulin, at the time he pleaded guilty, that he understood neither the charges against him nor his constitutional rights.[2] A trial judge's findings as to a defendant's mental competency at the time he pleaded guilty should be disturbed only if they are clearly erroneous. *Holmes v. United States*, 323 F.2d 430, 431 (7th Cir. 1963), *cert. denied*, 376 U.S. 933, 84 S.Ct. 704, 11 L.Ed.2d 652 (1964). Judge Grady found that Lovelace

had fully understood the guilty plea proceeding. The judge relied on the defendant's testimony at the hearing and his recollection of Lovelace's appearance and demeanor at the time he pleaded guilty. Our review of the transcript of the June 29th proceeding convinces us that Judge Grady did not err in concluding that Lovelace was mentally competent at the time he entered his guilty plea.

### V.

We believe that Judge Grady fully complied with Rule 11 and further find no indication that the district judge's findings as to Lovelace's mental competence on June 29th were clearly erroneous.

We conclude, therefore, that there was no abuse of discretion, *see United States v. Wright*, 407 F.2d 952, 954 (7th Cir. 1969), in the district court's denial of Lovelace's motion to withdraw his guilty plea.

The judgment of the district court is AFFIRMED.

---

**2.** Lovelace states in his brief that the Government did not contest his lack of understanding at the hearing on Lovelace's motion to withdraw the guilty plea. According to the defendant, the medical testimony put forth by the prosecution was merely relevant to the degree of confusion suffered by Lovelace. At best,

this is a distinction without a difference. The medical testimony put forth by the Government was in support of its contention that any confusion or disorientation suffered by Lovelace on June 29, 1981, would have been apparent to the court.