755 F.2d 375
 Craig M. STEVENS, Linda H. Stevens; Danny M. Brown and
Gregory A. Perkins, Appellants,
v.
MORRISON-KNUDSEN SAUDI ARABIA CONSORTIUM; Morrison-Knudsen
of Arabia, Inc.; Morrison-Knudsen Company, Inc.; Fischbach
and Moore International Corp.; Interbeton Construction
N.V.; Curacao; J.K. Lemley and Milton L. Little, Appellees.
 No. 84-1407.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 8, 1985.
Decided Feb. 26, 1985.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore; Alexander Harvey, II, District Judge.
 Douglas B. Huron, Washington, D.C. (Eileen M. Stein, Stein & Huron, Washington, D.C., on brief), for appellants.
 George D. Ruttinger, Washington, D.C. (Eldon H. Crowell, W. Stanfield Johnson, Clifton S. Elgarten, Crowell & Moring, Washington, D.C., on brief), for appellees.
 Before WINTER, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants worked for a consortium doing construction work in Saudi Arabia at the behest of the United States Army Corps of Engineers. While there they engaged in drug offenses, the commission of which is not contested, thereby violating Saudi law. They were arrested, tried and convicted and served time in a Saudi place of confinement.[1]
 
 
 2
 Appellants have brought an action against their employer and those associated with the employer a) claiming close affiliation with the United States Army Corps of Engineers sufficient to justify a Bivens type action (see Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)), and b) asserting a variety of common law claims.
 
 
 3
 The principal thrust of the complaint has been that the Fourth Amendment to the United States Constitution has sufficient scope to create liability for behavior in Saudi Arabia which would contravene United States law if it took place within the confines of this country (without, however, addressing the questions of what is the Saudi Arabian law and whether it would apply). On that basis search and seizure without warrant are put forth as grounds to support the claims. Also cooperation by the defendants with Saudi Arabian authorities in a manner which plaintiffs contend is inconsistent with treatment of other similarly situated employees forms a basis for the suit.
 
 
 4
 The district judge painstakingly analyzed the many points raised. He concluded, inter alia, that:
 
 
 5
 1) The Bivens action was not viable.
 
 
 6
 2) Diversity jurisdiction covering the state claims was lacking.
 
 
 7
 We affirm on the opinions of the district court. Stevens v. Morrison-Knudsen Saudi Arabia Consortium, 576 F.Supp. 516 (D.Md.1983); Memorandum and Order, United States District Court for the District of Maryland, No. H-82-74 (Feb. 29, 1984).
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 They were also subjected to Saudi Arabian punishment in the form of flogging