772 F.2d 227
 David WAGNER and American Pearl Creations, Inc., Plaintiffs-Appellants,
v.
The METROPOLITAN NASHVILLE AIRPORT AUTHORITY, Patricia
Myers, the Wackenhut Corp. and Delta Airlines,
Inc., Defendants-Appellees.
 No. 84-5440.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 27, 1985.
Decided Sept. 6, 1985.
 
 Thomas E. Watts, Jr., argued, Nashville, Tenn., for plaintiffs-appellants.
 Tom Corts, argued, Nashville, Tenn., for defendants-appellees.
 Before ENGEL, MARTIN and KRUPANSKY, Circuit Judges.
 KRUPANSKY, Circuit Judge.
 
 
 1
 Plaintiffs David Wagner and American Pearl Creations, Inc. appealed the summary judgment entered in favor of defendants the Metropolitan Nashville Airport Authority (MNAA), Patricia Myers (Myers), the Wackenhut Corporation (Wackenhut), and Delta Airlines, Inc. (Delta). Plaintiffs' complaint alleged a violation of 42 U.S.C. Sec. 1983 stemming from a purportedly unreasonable and unconstitutional search of Wagner's baggage conducted by Myers, an employee of Wackenhut, at the Delta concourse of the Nashville Airport. As the basis for their Sec. 1983 claim, plaintiffs asserted that defendants were acting under color of state law.
 
 
 2
 On or about January 28, 1984,[1] Wagner, an employee of American Pearl Creations, arrived at the Metropolitan Nashville Airport to board a Delta flight to Atlanta. After submitting to electronic screening of his person and carry-on baggage, Wagner was informed that he was required to undergo a further security check. He was directed to a private room where Myers conducted a search of Wagner's baggage. Wagner alleged that in the course of the search the contents of his baggage, which consisted of jewelry samples, were soiled and put in disarray, and that he suffered injury to his back when he undertook to repack his belongings.
 
 
 3
 The district court granted summary judgment in favor of defendants, concluding that the charged conduct was not action under color of state law. From this disposition of the case plaintiffs appealed.
 
 
 4
 To state a claim under 42 U.S.C. Sec. 1983 the plaintiffs must allege that the defendants (1) deprived plaintiffs of some right or privilege secured by the Constitution and laws of the United States and (2) acted under color of state law. Lugar v. Edmonson Oil Co. Inc., 457 U.S. 922, 924, 102 S.Ct. 2744, 2747, 73 L.Ed.2d 482 (1982); Flagg Brothers Inc. v. Brooks, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978); Bier v. Fleming, 717 F.2d 308, 310 (6th Cir.1983). The key inquiry in the instant case is the sufficiency of plaintiffs' proof to support the threshold requirement of "state action." The Supreme Court has defined "state action" that infringes a constitutional right as conduct "fairly attributable" to the State:
 
 
 5
 First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the state.
 
 
 6
 Lugar, 457 U.S. at 937, 102 S.Ct. at 2754, 73 L.Ed.2d at 495.
 
 
 7
 Action taken by private individuals may be "under color of state law" when significant state involvement attaches to the action. Such involvement has been measured through various tests such as the public function test, see Terry v. Adams, 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152 (1953); Marsh v. Alabama, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946); the state compulsion test, see Adickes v. S.M. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); the joint action test, see Flagg Brothers, and the nexus test, see Jackson v. Metropolitan Edison Co., 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961).
 
 
 8
 Plaintiffs reasoned that since MNAA, a state entity, leased airport space to Delta, which in turn employed Wackenhut to provide passenger and aircraft security, the action undertaken by Myers constituted state action. Plaintiffs further argued that Parts 107 and 108 of the Code of Federal Regulations (14 C.F.R. Secs. 107, 108 (1983)), which were promulgated by the Federal Aviation Administration (FAA) pursuant to authority granted under 49 U.S.C. Secs. 1356, 1357, created an interdependence between the State (MNAA) and Delta's security system, thereby providing the necessary nexus to bring Myers' actions within the orbit of actions executed under color of state law.
 
 
 9
 Plaintiffs' reliance upon Coke v. City of Atlanta, Georgia, 184 F.Supp. 579 (N.D.Ga.1960) is misplaced, since that decision does not comport with more recent refined definitions of "state action." Contemporary decisions stress the necessity of a close nexus between the state and the challenged conduct rather than application of a mechanistic formula based on business relationships such as the mere leasing of space by the state. See, e.g., Bier v. Fleming, 717 F.2d 308 (6th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 1283, 79 L.Ed.2d 686 (1984).
 
 
 10
 A careful reading of Parts 107 (Airport Security) (14 C.F.R. Sec. 107 (1983)) and 108 (Airline Operator Security) (14 C.F.R. Sec. 108 (1983)) discloses that both the airline carrier (Delta) and the airport authority (MNAA) were required to present their respective security plans to the FAA for final approval. Although MNAA was required to be cognizant of Delta's installation security program in order to accommodate its planning, MNAA did not regulate Delta's security program. Pursuant to Part 108 (14 C.F.R. Sec. 108 (1983)), MNAA was responsible for overall base security operations, and was required to submit both its own program and Delta's passenger and aircraft security program to the FAA for final approval. MNAA functioned merely as a conduit of information rather than a regulator, thus ruling out allegations of significant state involvement.[2]
 
 
 11
 Assuming, arguendo, as plaintiffs erroneously alleged, that MNAA had the authority to regulate and approve or disapprove the airline passenger and aircraft security program, such a tenuous connection would still not rise to the level of significant state involvement. In Jackson v. Metropolitan Edison Company, wherein a customer alleged a Sec. 1983 violation against a privately owned and operated utility company for termination of electrical service, the Supreme Court concluded that there was a lack of state action despite extensive state regulation of the utility. Speaking for the Court, Justice Rehnquist opined:
 
 
 12
 The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.... [T]he inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself. Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 176, 92 S.Ct. 1965, 1971, 1973, 32 L.Ed.2d 627 (1972).
 
 
 13
 Jackson, 419 U.S. at 350-51, 95 S.Ct. at 453. Absent a "close" nexus between the state and defendants in this case, defendants' actions cannot be fairly characterized as "state action," therefore the district court correctly concluded that there was no state action sufficient to support a Sec. 1983 claim.
 
 
 14
 In addition to recovery pursuant to Sec. 1983, plaintiffs alternatively argued both below and on appeal that the present action can be maintained as a private cause of action flowing from the Bivens doctrine, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which recognizes that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. Carlson v. Green, 446 U.S. 14, 18, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980). The district court concluded that plaintiffs failed to allege in their complaint that the defendants were federal agents and thus was insufficient to raise a Bivens claim. While this court is well aware of the liberal construction to be accorded pleadings, certain basic standards are nevertheless required. Construing the complaint most liberally in favor of appellants, it is apparent that their failure to allege that defendant Myers was a federal employee renders the pleading insufficient under Bivens. Accordingly, the trial court was correct in dismissing the action for failure to state a claim.
 
 
 15
 In view of the foregoing, the lower court's grant of summary judgment to defendants due to plaintiffs' failure to state either a valid Sec. 1983 claim or a Bivens claim is AFFIRMED.
 
 
 16
 BOYCE F. MARTIN, Jr., Circuit Judge, concurring.
 
 
 17
 I concur. Given the distinctively separate and complementary roles that the private airline and the airport authority played in carrying out federal regulatory policy, I do not believe that Wagner has shown the requisite state action to maintain a section 1983 claim.
 
 
 18
 I only write separately to state my strong agreement with the long line of Ninth Circuit cases that have held that a search by a private airline employee in accordance with federal regulatory requirements constitutes federal "state action" and that the search must be reasonable within the meaning of the fourth amendment. United States v. Davis, 482 F.2d 893, 904 (9th Cir.1973); United States v. Canada, 527 F.2d 1374, 1377 (9th Cir.1975), cert. denied, 429 U.S. 867, 97 S.Ct. 177, 50 L.Ed.2d 147 (1976); United States v. Henry, 615 F.2d 1223, 1228 (9th Cir.1980); United States v. Walther, 652 F.2d 788, 792 (9th Cir.1981). See also Dobyns v. E-Systems, Inc., 667 F.2d 1219, 1226 (5th Cir.1982). In this case, however, plaintiff's complaint is completely devoid of any allegation of federal action.[1] All of his allegations were directed to his section 1983 claim. I therefore concur.
 
 
 
 [1]
 The record is unclear as to the date on which the incident occurred. Plaintiffs listed both January 23 and 29 of 1984, while defendants listed January 28, 1984
 
 
 [2]
 Courts have recognized the federal nature of airline security actions. See, e.g., United States v. Ogden, 485 F.2d 536 (9th Cir.1973); United States v. Davis, 482 F.2d 893 (9th Cir.1973)
 
 
 [1]
 The main opinion states that Wagner's complaint fails to state a Bivens claim because he failed "to allege that defendant Myers was a federal employee." I do not believe that Wagner had to allege that Myers was a federal employee. In my view, Wagner only had to allege that Myers was a federal agent of the type discussed in United States v. Davis, 482 F.2d 893 (9th Cir.1973). Because Wagner failed to allege that Myers was a federal agent or federal employee, this distinction does not affect the result in the case