Eldridge **LOVELACE**, Plaintiff,

v.

Bernard **WHITNEY**; William H. **Hall** and Scott **Turow**, Defendants.

No. 84 C 2788.

United States District Court, N.D. Illinois, E.D.

May 3, 1988.

---

Eldridge Lovelace, pro se.

Morris D. Witney, Witney & Witney, Joan C. Laser, Asst. U.S. Atty., Bernard B. Nathan, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Pro se plaintiff Eldridge Lovelace brings this action against former Assistant United States Attorney Scott Turow [1] and two other private attorneys, Bernard Whitney and William H. Hall. Turow has filed a motion to dismiss on the basis of absolute immunity. Hall has moved to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), or for judgment on the pleadings, Fed.R.Civ.P. 12(c). Whitney has moved for judgment on the pleadings, Fed.R.Civ.P. 12(c). [2]

### Facts [3]

Lovelace was indicted on April 2, 1980, on five counts of fraud. Counts I, II and III referred to allegedly false statements made by Lovelace in three Veteran's Administration ("VA") Applications for Home Loan Guarantees. Count IV charged that Lovelace made false statements in a bankruptcy petition, and Count V charged fraud

---

1. The complaint lists Turow as "Scott Trow." Although plaintiff has not moved to amend his complaint to spell Turow's name properly, his motion to strike Turow's motion to dismiss correctly identifies defendant as "Scott Turow."

2. Whitney also moved for summary judgment under Fed.R.Civ.P. 56(c). Lovelace, however, requested additional time in which to conduct discovery under Fed.R.Civ.P. 56(c). Because we grant Whitney's motion to dismiss, we need not address the motion for summary judgment. Additionally, in April 1985, Lovelace moved for default judgment against the defendants. Lovelace's motion supplemented his affidavit, dated February 26, 1985, and filed with the Court on March 4, 1985, seeking entry of default by the clerk of court. See Fed.R.Civ.P. 55(a). Al-

though the motion states no answer or defense had been filed by the defendants, all three defendants had filed responsive pleadings, either answers or motions to dismiss in 1984. Therefore, the motion for default judgment has no merit and is denied.

3. When considering a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c), the court, of course, takes all allegations of the complaint as true and views all reasonable inferences therefrom in the light most favorable to the plaintiff. Additionally, we set forth facts taken from the Seventh Circuit's decision on Lovelace's criminal appeal in order to provide a background to this claim. We do not, however, rely on these facts. *United States v. Lovelace*, 683 F.2d 248 (7th Cir.1982).

in connection with a VA Credit Statement. On June 29, 1981, Lovelace pleaded guilty to Counts I, II, III and V before the Honorable John F. Grady. Judge Grady refused to accept a plea as to Count IV because Judge Grady's questioning of Lovelace upon acceptance of the guilty plea "raised serious questions as to Lovelace's guilt regarding the allegedly fraudulent statements in a bankruptcy petition." *United States v. Lovelace,* 683 F.2d 248, 250 n. 1 (7th Cir.1982). Lovelace subsequently moved to vacate the guilty plea. Following a hearing on the matter, Judge Grady denied Lovelace's motion to withdraw his plea. Lovelace appealed, but the Seventh Circuit affirmed Judge Grady. *Lovelace,* 683 F.2d at 251.

Lovelace subsequently filed a petition under 28 U.S.C. § 2255 to set aside his conviction. He alleged that defendant attorney Whitney had violated the attorney-client privilege in turning his files over to Assistant United States Attorney Scott Turow, and thus the evidence against him was illegally obtained. He also argued that his defense attorney Hall had coerced him into pleading guilty. On July 20, 1984, Judge Grady denied Lovelace's motion to set aside his conviction on the basis that his guilty plea had been coerced. *United States v. Lovelace,* No. 80 CR 209/83 C 8768 slip op. (N.D.Ill. July 20, 1984). Before Judge Grady could rule on the attorney-client issue, Lovelace voluntarily dismissed his petition.

The present complaint alleges that Whitney was Lovelace's attorney for approximately twenty years and represented him in connection with his application for the Home Loan Guarantee for property located at 14459 South Peoria, Harvey, Illinois, and in preparation of a bankruptcy petition. Whitney provided his files concerning Lovelace's loan application and bankruptcy proceeding to Assistant United States Attorney Scott Turow. Lovelace alleges that Whitney was not authorized to turn the files over to Turow, and that Whitney thus intereferred with the attorney-client relationship. Lovelace also alleges that Whitney testified before the Grand Jury and disclosed confidential attorney-client information which incriminated Lovelace.

Lovelace alleges that the evidence used to obtain his indictment was illegally obtained and that the indictment was based solely on the testimony by Whitney. The complaint alleges that Whitney turned the confidential files over to Turow *subsequent* to Lovelace's indictment (¶ 6). In the motion to suppress filed on July 17, 1980, by Lovelace in his criminal case, he indicated that on May 29, 1980, the government served a subpoena duces tecum calling for the production of all of Whitney's records relating to Lovelace. Lovelace alleged that Whitney turned over all of his records, even those protected by the attorney-client privilege. Assistant United States Attorney Turow's letter which was attached to the motion to suppress stated the following:

Dear Mr. Witney [sic]:

Enclosed please find a subpoena duces tecum calling for production of all of your records relating to Eldridge Lovelace. We are interested in any records you have maintained which relate to Mr. Lovelace's earlier real estate transactions or either of his two bankruptcy petitions. If you have any question that any of the documents subpoenaed are protected by the Attorney–Client privilege or the Fifth Amendment (as to Mr. Lovelace), please so inform me and keep the documents in your custody. I will call the matter to Judge Grady's attention and ask him to review them *in camera.*

Please contact me next week (June 2 or after) as I would like to make arrangements with you to discuss your trial testimony.

Very truly yours,

THOMAS P. SULLIVAN
United States Attorney

By:        /s/_____
SCOTT F. TUROW
Assistant United States
Attorney

*United States v. Lovelace,* No. 80 CR 209, Document # 18. Judge Grady apparently reserved ruling until trial and, because of

the plea, never was required to rule on the motion to suppress. *United States v. Lovelace*, No. 80 CR 209–1 Min. Order (N.D.Ill. Jan. 6, 1981).

The complaint further alleges that defendant Hall, who represented Lovelace in the criminal action, "presurred [sic], influenced and coerced Plaintiff into pleading guilty, and failed to advise plaintiff fully of the rights he was waiving and of the defense which he had." (Complaint, ¶ 11). The complaint concludes its factual assertions with the following conclusory statements:

> 13. Plaintiff alleges that the prosecution obtained his conviction based solely upon the actions of Whitney, Trow [sic] and Hall.

> 14. Plaintiff alleges that a jury trial would have disclosed Whitney's unethical, conspiratorial and misconduct activities. Which Plaintiff had no knowledge of at the time he plead guilty.

> 15. Plaintiff alleges that a conspiracy existed among Whitney, Trow [sic] and Hall to obtain his conviction.

### Discussion

Lovelace attempts to base his damage claims on three statutory bases: 18 U.S.C. § 242, 42 U.S. § 1983 and 42 U.S. § 1985. 18 U.S.C. § 242, however, is a criminal statute which provides no private cause of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980); *Pawelek v. Paramount Studios Corp.*, 571 F.Supp. 1082, 1083 (N.D.Ill.1983); *Weiland v. Byrne*, 392 F.Supp. 21, 22 (N.D.Ill.1975). Therefore, Lovelace cannot state a claim under that section.

Sections 1983 and 1985 address only constitutional deprivations made under color of *state* law. S. Nahmod, *Civil Rights and Civil Liberties Litigation* § 2.04 (1986). Because the alleged actions taken by defendants Hall, Whitney and Turow in this case could only have been taken under color of federal law, §§ 1983 and 1985 are inapplicable. Therefore, Lovelace cannot state a claim under 42 U.S.C. § 1983 or § 1985.

Lovelace could, however, proceed against Turow, a federal agent, for violation of his civil rights in a *Bivens*-type action. In *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court found an implied damage remedy for violation of the Fourth Amendment by federal agents. Because complaints drafted by pro se litigants such as Lovelace are held to less stringent standards than are formal pleadings drafted by lawyers, *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980), and the district court must see that pro se litigants are given "fair and meaningful consideration," *Matzker v. Herr*, 748 F.2d 1142, 1146 (7th Cir.1984), the court will not dismiss the complaint on this basis but treat it as a *Bivens* action.

Defendants Hall and Whitney are not, however, federal actors but only private attorneys. It is not entirely clear that private actors are as readily subject to suit under a *Bivens* action as they would be under 42 U.S.C. § 1983 as set forth in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In *Adickes*, the Supreme Court stated that private actors may be liable under § 1983 when they engage in a joint course of action with a state actor.[4] However, because

---

4. Although the Supreme Court has never addressed the issue, a number of circuits have concluded that a private party acting in concert with a federal actor may be liable in a *Bivens* action. *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1337–38 (9th Cir.1987); *Reuber v. United States*, 750 F.2d 1039, 1057 (D.C.Cir.1984); *Dobyns v. E. Systems, Inc.*, 667 F.2d 1219 (5th Cir.1982); *Yiamouyiannis v. Chemical Abstracts Services*, 521 F.2d 1392 (6th Cir.1975), *cert. denied*, 439 U.S. 983, 99 S.Ct. 573, 58 L.Ed.2d 654 (1978) (*but see Wagner v. Metropolitan Nashville Airport Authority*, 772

F.2d 227, 230 (6th Cir.1985) (rejects *Bivens* claim on grounds plaintiff did not allege defendant was federal employee)). One circuit has refused to allow a *Bivens* action against private parties. *Fletcher v. Rhode Island Hospital Trust National Bank*, 496 F.2d 927, 932 n. 8 (1st Cir.), *cert. denied*, 419 U.S. 1001, 95 S.Ct. 320, 42 L.Ed.2d 277 (1974) (*but see Gerena v. Puerto Rico Legal Services, Inc.*, 697 F.2d 447, 449 (1st Cir.1983) (court assumed a cause of action would lie against private corporation if it were in fact a federal actor)). Four circuits have

we conclude, for the reasons discussed below, that we must grant Hall and Whitney's respective motions to dismiss, we need not address the issue of whether a *Bivens* action can also be maintained against a private party working in concert with a federal actor. Accordingly, for purposes of this motion, we will assume that if there is a sufficient allegation of conspiracy between a federal actor and private individuals, then a plaintiff may maintain a *Bivens* action against a private party.

### Turow

■ Scott Turow moves to dismiss Lovelace's complaint against him on the grounds of absolute immunity.[5] In *Imbler v. Pachtman*, 424 U.S. 409, 426, 96 S.Ct. 984, 939, 47 L.Ed.2d 128 (1976), the Supreme Court held that prosecutors enjoy the same absolute immunity under 42 U.S.C. § 1983 that the prosecutor enjoys at common law. A federal official enjoys the same level of immunity in a *Bivens* action as would a state official in a § 1983 suit. *See Butz v. Economou*, 438 U.S. 478, 501, 98 S.Ct. 2894, 2908, 57 L.Ed.2d 895 (1983). Accordingly, if Turow would be entitled to absolute immunity as a state prosecutor under *Imbler*, he would also be entitled to absolute immunity as a federal prosecutor in a *Bivens* suit.

The Court in *Imbler*, however, left standing a line of decisions which had allowed only qualified immunity for prosecutors engaged in certain investigative activities. *Imbler*, 424 U.S. at 430 and n. 31, 96 S.Ct. at 995 and n. 31. One of the cases left standing was a Seventh Circuit case, *Hampton v. City of Chicago*, 484 F.2d 602 (7th Cir.1973), *cert. denied*, 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974). In *Hampton*, 484 F.2d at 608, the Seventh Circuit distinguished quasi-judicial activities of prosecutors, which are entitled to absolute immunity, from "investigatory activities normally performed by lawmen, such as police officer," which are only entitled to a qualified immunity. The Seventh Circuit has recently reiterated this distinction, *see Rakovich v. Wade*, 819 F.2d 1393, 1398 n. 5 (7th Cir.1987); *Henderson v. Lopez*, 790 F.2d 44, 45 (7th Cir.1986). Accordingly, in order to determine whether Turow is entitled to absolute immunity, we must examine the nature of the allegations of wrongdoing set forth in Lovelace's complaint.

Construing Lovelace's complaint in the most favorable light, we find that it alleges that Turow "obtained plaintiff's conviction" with evidence provided by plaintiff's former attorney in violation of plaintiff's attorney-client privilege.[6] However, under *Imbler*, a prosecutor, as the government's advocate, is immune from a civil suit for damages in initiating a prosecution and in presenting the government's case. *Imbler*, 424 U.S. at 431, 96 S.Ct. at 995. Included

---

expressly left open the question of whether a *Bivens* claim may be asserted against a private party. *Devargas v. Mason & Hanger–Silas Mason Co.*, 1988 U.S.App. LEXIS 4363, 16 (10th Cir. Apr. 7, 1988); *Morast v. Lance*, 807 F.2d 926, 930–31 (11th Cir.1987); *McNally v. Pulitzer Publishing Co.*, 532 F.2d 69, 75–76 (8th Cir.), *cert. denied*, 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1076); *Stevens v. Morrison–Knudsen Saudi Arabia Consortium*, 576 F.Supp. 516, 520–21 (D.Md.1983), *aff'd mem.*, 755 F.2d 375 (4th Cir. 1985).

**5.** Lovelace has titled his response to Turow's motion, "Motion to Strike Defendant Turow's Motion to Dismiss." However, it is clear from the document that it is intended as a response and not a motion to strike under Fed.R.Civ.P. 12(f). If it was a motion to strike under Rule 12(f), we would deny the motion.

**6.** An allegation that the attorney-client privilege was violated in and of itself would not raise to the level of a constitutional violation sufficient to state a claim under *Bivens* (or § 1983). The attorney-client privilege is only a rule of state evidence law. *Clutchette v. Rushen*, 770 F.2d 1469, 1471 (9th Cir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1474, 89 L.Ed.2d 729 (1986). Violation of state law alone does not state a claim under *Bivens*. Intentional interference, however, by a prosecutor into the attorney-client privilege may raise to the level of a Sixth Amendment violation, *see, e.g., Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). The Supreme Court has not yet identified the Sixth Amendment as a possible ground for recovery under *Bivens*. *Scherer v. Balkema*, 840 F.2d 437, 438 n. 3 (7th Cir.1988); Note, *Bivens Doctrine in Flux: Statutory Preclusion of a Constitutional Cause of Action*, 101 Harv.L. Rev. 1251 n. 2 (1988). However, we will *assume* for purposes of this motion that the Sixth Amendment is compensable under *Bivens*.

within the duties of the prosecutor in his role as an advocate for the government are "questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present." *Id.* at n. 33. Also, the Court indicated that included within this role is the preparation both for the initiation of the criminal process and for trial which "may require the obtaining, reviewing, and evaluating of evidence." *Id.* Accordingly, to the extent Lovelace's complaint seeks damages against Turow for presenting allegedly illegal evidence to the Grand Jury, Turow is absolutely immune. *Accord Taylor v. Kavanagh*, 640 F.2d 450, 452 (2d Cir.1981).

Viewing the complaint in the light most favorable to Lovelace, we find it also alleges that defense lawyer Hall conspired with Turow to convince plaintiff to accept a plea of guilty. The complaint, however, sets forth no facts to support this conclusory allegation of conspiracy. Nevertheless, even if there were sufficient factual allegations, a prosecutor's activities in the plea bargaining context are entitled to absolute immunity. *Taylor v. Kavanagh*, 640 F.2d at 453. *Accord Myers v. Morris*, 810 F.2d 1437, 1447 (8th Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987); *Lewis v. County of Lehigh*, 516 F.Supp. 1369, 1371 (E.D.Pa.1981); *Doe v. Russohi*, 503 F.Supp. 942, 945 (S.D.N.Y.1980). Accordingly, Turow is entitled to absolute immunity for all of the alleged wrongdoings set forth in Lovelace's complaint. Therefore, we grant Turow's motion to dismiss on the basis of absolute immunity.[7]

### Hall

■ Lovelace's complaint alleges that attorney Hall "presurred [sic], influenced and coerced Plaintiff into pleading guilty, and failed to advise plaintiff fully of the rights he was waiving and of the defense which he had." (Complaint, ¶ 11). Lovelace then adds in conclusory fashion that "a conspiracy existed among Whitney, Trow [sic] and

Hall to obtain his conviction." (Complaint, ¶ 15). Before Hall as a private individual could be held liable in a *Bivens* action, there must be an allegation that Hall deprived Lovelace of a right secured by the Constitution, and that the deprivation occurred under color of federal law. *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir.1984). Lovelace's claim against Hall fails under the "color of law" requirement. While the complaint alleges a conspiracy between Hall, Whitney and Turow, the federal prosecutor, it does so in conclusory terms. "Conclusory pleadings of a conspiracy must be dismissed." *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir.1984). Accordingly, we find Lovelace has failed to state a *Bivens* action against Hall; we dismiss the complaint in its entirety as to Hall.

■ Even if we found Lovelace had properly alleged a conspiracy between Turow and Hall, we would still grant Hall's motion to dismiss on the grounds of collateral estoppel. In December 1983, plaintiff filed a petition to vacate his sentence under 28 U.S.C. § 2255. He argued in that motion that he was pressured, influenced and coerced into pleading guilty by defendant Hall and that Hall failed to advise Lovelace of his rights. Judge Grady denied Lovelace's petition stating:

> This court well recalls the proceedings which led to petitioner's plea of guilty. He was fully advised of his rights in open court and fully understood what he was waiving. The court took more pains than usual to determine that petitioner understood the charges and was voluntarily acknowledging his guilt. The conclusory allegations concerning the alleged pressure by Mr. Hall are insufficient to warrant an evidentiary hearing.

*United States v. Lovelace*, Nos. 80 CR 209, 83 C 8768 (N.D.Ill. July 20, 1984).

In general, collateral estoppel, which may be applied in civil trials to issues previously determined in a criminal action, *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir.1988), precludes relitigation of issues

---

7. Turow raises a number of other grounds to support his motion to dismiss. Because we find

he has absolute immunity, we need not address those issues.

**1444**

when " '(1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical.' " *Scherer*, 840 F.2d at 442 (citing *Kunzelman v. Thompson*, 799 F.2d 1172, 1176 (7th Cir.1986)). We find this doctrine bars Lovelace's attempt to relitigate his claim that Hall pressured him to plead guilty. The policy underlying this doctrine is that one fair opportunity to litigate an issue is enough. *Id.* Lovelace had the opportunity in his § 2255 petition to litigate this allegation and it was resolved against him. He cannot raise it again now.

In summary, we grant Hall's motion to dismiss because we find the complaint fails to adequately allege a conspiracy sufficient to tie the federal prosecutor with Hall and because Lovelace has already litigated this issue.

### Whitney

■ Lovelace's complaint raises essentially two allegations of wrongdoing against Whitney. First, it alleges that Whitney testified before the Grand Jury in violation of his attorney-client privilege. Secondly, it alleges that Whitney, in violation of the attorney-client privilege, turned over his confidential client files concerning Lovelace's business transactions to Turow. Initially, we recognize that these allegations by themselves are insufficient to raise to the level of a constitutional violation sufficient to state a claim under *Bivens.* Violation of the attorney-client privilege by a defendant's private attorney does not amount to a constitutional violation. Additionally, even if Lovelace could recover against Whitney for testifying before the Grand Jury, a claim which Whitney and Turow vehemently deny, witnesses have absolute immunity for their testimony before grand juries. *Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir.1986). Therefore,

even if Whitney had actually testified before the grand jury, he would be entitled to absolute immunity for that testimony.

Finally, we observe that Lovelace attempts to allege a conspiracy between Turow, Hall and Whitney to obtain his conviction, but does so in a conclusory fashion without setting forth any facts to support the allegation of a conspiracy. As noted above, conclusory pleadings of a conspiracy must be dismissed. *Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir.1984). Accordingly, Lovelace has failed to state a claim against Whitney under *Bivens.* [8]

In summary, we grant Whitney's motion to dismiss on the grounds that Lovelace has failed to allege sufficient facts to set forth a conspiracy between Whitney, a private party, and a federal agent sufficient to state a claim under *Bivens.*

---

In conclusion, we find that defendant Scott Turow is entitled to absolute immunity as a prosecutor. We find that Lovelace has failed to allege the necessary facts to set forth a conspiracy between Turow, Hall and Whitney sufficient to establish liability under *Bivens* for the private parties, Hall and Whitney. Accordingly, we grant Turow, Hall and Whitney's respective motions to dismiss.[9] It is so ordered.

---

8. We express no opinion on the issue of whether Lovelace may have stated a claim for malpractice against Whitney for violation of the attorney-client privilege. Absent diversity jurisdiction, such a claim would not be cognizable in federal court.

9. Because of our dismissal of Lovelace's complaint, his motion for appointment of counsel is moot and need not be considered.