1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Huong Duc NGUYEN, Plaintiff-Appellant,
v.
STATE OF MICHIGAN; County of Wayne; City of Inkster; John
D. O'Hair; Andrea Solak; Frank J. Bernacki; George
Smedley; Richard C. Kaufman; Deanna Wilson; Ava L.
Cooper; Hines, Officer; Horne, Officer; McGruder,
Officer; John Doe; Mary Doe, Defendants-Appellees.
 No. 92-1657.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Huong Duc Nguyen sued fifteen defendants under nine theories for their participation in his arrest, the seizure of his car, and his conviction in Michigan state court for violating a Michigan nuisance abatement statute targeted at prostitution. On motions for summary judgment, the district court dismissed all claims against all defendants. We affirm.
 
 
 2
 * A
 
 
 3
 Under a Michigan public nuisance statute, any vehicle used for the purpose of lewdness, assignation, prostitution, or gambling may be declared a nuisance. Mich.Stat.Ann. 27A.3801. The Michigan Supreme Court has defined "assignation" as "accosting and soliciting for the purpose of prostitution." State v. Levenburg, 406 Mich. 455, 466 (1979).
 
 
 4
 On October 10, 1991, Plaintiff Huong Duc Nguyen, while in his car, allegedly propositioned a woman that he thought was a prostitute, but who was in fact Inkster Police Officer Deana Wilson. Nguyen was arrested, booked, and released on bond that same night. His car was seized incident to the arrest.
 
 
 5
 On October 14, 1991, Prosecutors John D. O'Hair, Andrea Solak, and Frank J. Bernacki mailed to Nguyen a "Notice" and a copy of the complaint charging Nguyen's car to be a public nuisance. According to Nguyen, the "Notice" informed him that he had three options: "1. going to trial, 2. defaulting, or 3. entering into a consent judgment with the Wayne County Prosecutor's Office."[1] The prosecutors filed the complaint in the Wayne County Circuit Court on the following morning, October 15, 1991. Pursuant to a "docket directive" that provides for the assignment of all forfeiture and nuisance abatement cases to the Chief Judge of the Wayne County Circuit Court, Nguyen's case was assigned to Chief Judge Richard Kaufman. On November 21, 1991, Judge Kaufman ordered the Inkster Police Department to "maintain the custody and possession and control" of Nguyen's car and its contents. That same day, Nguyen requested the return of his car, and the Inkster Police Department denied the request.
 
 
 6
 On December 11, 1991, Nguyen filed an answer in which he made general allegations of "criminal seizure" and "wrongful process" and demanded injunctive relief and damages; however, he did not file a counter-claim.
 
 
 7
 On January 28, 1992, Judge Kaufman ruled that Nguyen had violated the public nuisance abatement statute. Judge Kaufman enjoined Nguyen from committing any acts in violation of the laws governing prostitution in Wayne County; enjoined Nguyen from using the seized car for the purpose of prostitution; ordered Nguyen to pay $1,000 in fines, $500 in court costs, and unspecified towing and storage costs within ten days; and declared that Nguyen's car would be subject to immediate sale if he failed to make the payments. Nguyen chose not to appeal.
 
 B
 
 8
 Shortly after the commencement of the state court proceedings, Nguyen filed this lawsuit in federal court. On November 12, 1991, Nguyen sued the following defendants: the State of Michigan, Wayne County, and the City of Inkster; Wayne County Prosecutors O'Hair, Solak, Bernacki, and Smedley, who participated in the abatement proceeding; Wayne County Circuit Judge Kaufman, who presided over the abatement proceeding; and Inkster Police Officers Wilson, Cooper, Hines, Horne, Gruder, John Doe, and Mary Doe, who participated in the arrest and booking of Nguyen and the seizure of his car. In general, Nguyen alleged that his car was illegally seized without a warrant, that all the defendants conspired to apply the nuisance statute in a draconian fashion, and that they discriminated against him because he is Vietnamese. Nguyen sought unspecified injunctive relief and damages under four federal theories, 1) 42 U.S.C. Sec. 1981, 2) 42 U.S.C. Sec. 1983, 3) 42 U.S.C. Sec. 1985, and 4) constitutional tort under the Bivens Doctrine, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971); and five state common law theories, 1) conversion, 2) intentional infliction of emotional harm, 3) abuse of process, 4) malicious prosecution, and 5) misconduct or neglect by a public officer.
 
 
 9
 All defendants, except the State of Michigan, filed motions to dismiss. Nguyen responded in writing only to Judge Kaufman's motion. On April 2, 1992, the district court granted all the motions to dismiss and granted Nguyen seven days to notify the court if he intended to proceed against the State of Michigan, and if so, under what theory. Nguyen never notified the court of his intentions. Therefore, on April 23, 1992, a judgment in favor of all defendants was entered.
 
 II
 
 10
 * The district court declined to exercise jurisdiction over Nguyen's claims for injunctive relief based upon the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971). We need not address the issue of whether the abstention doctrine applies in this case because Nguyen's claims for injunctive relief were mooted when Nguyen chose not to appeal the adverse judgment. No state court proceeding remains to be enjoined. See Berger v. Cuyahoga County Bar, 983 F.2d 718, 724 (6th Cir.), cert. denied, 124 L.Ed.2d 639, 61 U.S.L.W. 3787 (1993).
 
 B
 
 11
 We now turn to Nguyen's claims for monetary damages. First, we hold that the district court correctly dismissed Nguyen's Bivens claim because none of the defendants is a federal officer. The Supreme Court has never extended liability for Bivens actions beyond federal officers, and this court refused to do so in Wagner v. Metropolitan Nashville Airport Authority, 772 F.2d 227, 230 (6th Cir.1985).
 
 
 12
 We hold that the remaining eight claims were properly dismissed on summary judgment because Nguyen has presented little or no evidence to support his allegations. We review de novo the district court's grant of the defendants' motions for summary judgment. Baggs v. Eagle-Picher Industries, Inc., 957 F.2d 268, 271 (6th Cir.), cert. denied, 113 S.Ct. 466 (1992). We can affirm the district court only if we determine that the pleadings, affidavits, and other submissions show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 13
 The moving party need not support its motion with evidence disproving the nonmoving party's claim, but must only " 'show[ ]--that is, point[ ] out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The pivotal question before us is whether the party bearing the burden of proof, Nguyen, has presented a jury question as to each element of his case. Id. at 322. Nguyen must present more than a mere scintilla of evidence in support of his position; Nguyen must present "evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 14
 The facts in this case are few; they are cataloged above. The allegations, however, are many. First, Nguyen alleges that the police officers seized his automobile without a warrant and refused to return it upon his request. The automobile was initially seized incident to his arrest; therefore, a warrant was not needed. See, e.g., Colorado v. Bertine, 479 U.S. 367 (1987). True, Nguyen's car was not returned to him when he was released on bond. However, there is no evidence, or even an allegation, that Nguyen attempted to retrieve his car from the Inkster Police Department at any time before Judge Kaufman issued the November 21, 1991 order. His request for the car after the order had been issued was, of course, properly denied in compliance with the court order.
 
 
 15
 Second, Nguyen alleges that Prosecutors O'Hair, Solak, and Bernacki "mailed certain papers to Mr. Nguyen which simulated judicial process;" informed Nguyen that "proceedings had been filed when in fact they had not;" gave Nguyen advice that was misleading; and attempted to extort $852 from him (alleged to be "the only real option" presented in the Notice). Nguyen did not include a copy of the Notice in the record; therefore, there is absolutely no evidence to support his claims that the Notice was an attempt to extort money from him or intimidate him. Nguyen correctly points out that the Notice was mailed the day before the claim was filed; therefore, if the postal service were improbably efficient and Nguyen received the Notice on the exact same day it was mailed, the Notice would have included misleading information. However, since Nguyen has not revealed the day on which he received the letter, we cannot determine whether the letter was misleading. Regardless, any incorrect information--such as whether proceedings had been, rather than would soon be, filed--would have had only minimal effect.
 
 
 16
 Third, Nguyen alleges that Judge Kaufman "prejudged" his case; "countenanced, encouraged, and participated in a warrantless seizure of Mr. Nguyen's vehicle"; participated in a scheme to extort money from Nguyen; and violated Michigan Court Rules by presiding over Nguyen's case. Nguyen, however, has presented no evidence that Judge Kaufman "prejudged" the case, that he encouraged or participated in the seizure of Nguyen's car, or that he attempted to extort money from Nguyen. Judge Kaufman had authority to preside over Nguyen's case, as well as all other nuisance abatement cases, pursuant to a "docket directive" that provides for the assignment of all forfeiture and nuisance abatement cases to the Chief Judge of the Wayne County Circuit Court. No evidence suggests that the directive was improper or that it does not apply to Nguyen's case.
 
 
 17
 Finally, Nguyen makes the sweeping and unsupported allegation that all the defendants "singled out Mr. Nguyen for this discriminatory treatment because he is a political refugee from Vietnam who is unfamiliar with either the English language or American laws and who would be likely to acquiesce without objection to the intimidating force of three governments, numerous prosecutors, and a judge."
 
 
 18
 We now turn to the eight theories of recovery that Nguyen claims are supported by these few facts. The only factual evidence that supports Nguyen's claims under 42 U.S.C. Secs. 1981, 1983 & 1985, is that 1) Nguyen is Vietnamese, and 2) that he was charged and found guilty of violating the public nuisance act. Nguyen has offered absolutely no evidence to support his allegations that he was arrested because he is Vietnamese or that he was treated any differently than the other individuals who have been arrested, charged, and convicted for violating this statute.
 
 
 19
 This court will not conjure up facts necessary to turn a frivolous claim into a substantiated claim. As this court has stated, "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988) (quoting O'Brien v. DiGrazia, 544 F.2d 543, 546 n. 3 (1st Cir.1976), cert. denied, 431 U.S. 914 (1977)). Nguyen's allegations are premised upon mere conclusions and opinion. If evidence exists that supports these allegations, it is Nguyen's obligation to bring it to the attention of the court. He has failed to do so. Therefore, we hold that the district court correctly dismissed Nguyen's federal claims on defendants' motion for summary judgment because Nguyen failed to present evidence upon which a reasonable jury could find for him. See, e.g., Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under Sec. 1983.").
 
 
 20
 All of Nguyen's five state law claims involve tortious conduct: 1) conversion, 2) intentional infliction of emotional harm, 3) abuse of process, 4) malicious prosecution, and 5) misconduct or neglect by a public officer. There is no evidence that the defendants did anything out of the ordinary, much less tortious. In fact, there is not enough evidence for us even to discuss why Nguyen's claims fail. Simply put, there is no evidence to support the basic elements of any of Nguyen's tort claims. Accordingly, we find that the district court properly disposed of Nguyen's five common law tort claims on summary judgment.
 
 III
 
 21
 For the foregoing reasons, we AFFIRM the district court's order.
 
 
 
 [1]
 A copy of this Notice was not included in the Joint Appendix. This quotation is taken from Appellant's Brief, p. 9